JONATHAN D. ANDREWS (SBN: 199256)
SHAUNA L. DURRANT (SBN: 228489)
ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 345-5080
Facsimile: (858) 345-5025

Attorneys for Defendant
CAREER SYSTEMS DEVELOPMENT CORPORATION

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARLENE HOYT,

Plaintiff,

vs.

CAREER SYSTEMS DEVELOPMENT CORPORATION,

Defendant.

CASE NO.: 07 CV 1733 BEN (RBB)

**DEFENDANT CSDC'S MEMORANDUM OF CONTENTION OF FACT AND LAW**

Pre-Trial Conference: August 3, 2009
Judge: Hon. Roger T. Benitez
Courtroom: 3

Complaint Filed: August 31, 2007

Defendant Career Systems Development Corporation ("CSDC") submits the following pretrial memorandum of contentions of fact and law in accordance with the United States District Court, Southern District of California Local Rule 16.1.

## I. INTRODUCTION

Plaintiff Darlene Hoyt ("Plaintiff") is pursuing three claims against CSDC for breach of contract, wrongful termination in violation of public policy based on race and wrongful termination in violation of public policy based on alleged protected complaints. Although Plaintiff originally brought seven causes of action, including a claim for breach of implied covenant of good faith and fair dealing, intentional infliction of emotional distress, negligence

and violation of the Unruh Civil Rights Act, those claims have been summarily adjudicated in favor of CSDC. The remaining claims for breach of contract and wrongful termination have absolutely no basis in fact or in law as further set forth below.

## II. CONTENTIONS OF FACT

1. CSDC is an independent, privately held company that contracts with the United States Department of Labor to operate the San Diego Job Corp Center. The Center is part of the federally funded Job Corps system under the U.S. Department of Labor, Employment and Training Administration, Office of Job Corps. Job Corps is a no-cost education and vocational training program that helps young people ages 16 to 24 get a better job, make more money, and take control of their lives. (Anticipated testimony of Plaintiff, Eugene Harris, and other employees of CSDC.)

2. Plaintiff is a psychologist who contracted with the Center from 1987 until early 2007 as a mental health consultant. (Anticipated testimony of Plaintiff, Eugene Harris, Hans Hartwig and other employees of CSDC; related documents.)

3. The purpose of CSDC is to provide vocational training programs for disadvantaged youth. Although CSDC provides mental health services to its students, this is not the primary business of CSDC. (Anticipated testimony of Plaintiff, Eugene Harris, Hans Hartwig and other employees of CSDC; related documents.)

4. On October 1, 2003, Plaintiff entered into a two-year Contract with CSDC, with three one-year extension options, to provide mental health services for the San Diego Job Corp Center. (Anticipated testimony of Plaintiff, Eugene Harris, Hans Hartwig, and other employees of CSDC; related documents.)

5. Plaintiff provided consultation to the Center staff, counselors, and instructors concerning ongoing mental health problems of Center trainees. (Anticipated testimony of Plaintiff, Eugene Harris, and Hans Hartwig; related documents.)

6. The contract specifically states that Plaintiff is an independent contractor and not an employee or agent of CSDC. (Anticipated testimony of Plaintiff, Eugene Harris, and Hans Hartwig; related documents.)

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

7. Plaintiff she has owned her own business since 1984, and maintains an office at her place of business, which is located off the Center's premises. (Anticipated testimony of Plaintiff; related documents.)

8. Plaintiff was able to set her own schedule while contracting with CSDC and she had the ability to leave earlier or stay later if she wanted.

9. As part of Plaintiff contract with the Center, Plaintiff, at her sole discretion, hired her own staff to help her provide approximate 28 hours of mental health work a week at the Center. Plaintiff paid those employees directly. She maintained responsibility for how work would be delegated to others. But, Plaintiff did not have the ability to hire or fire any CSDC employees. (Anticipated testimony of Plaintiff, Eugene Harris, Hans Hartwig, Monika Spinks and other employees of CSDC; related documents.)

10. Plaintiff did not need approval from CSDC if she wanted to contract with other entities. In fact, while working at the Center, Plaintiff had up to 28 contracts to provide services to other entities. (Anticipated testimony of Plaintiff, Eugene Harris, Hans Hartwig; related documents.)

11. CSDC issued Plaintiff a 1099 Form every year, and Plaintiff was required that she affirm that she was Equal Employment Opportunity employer. (Anticipated testimony of Plaintiff, Eugene Harris, Hans Hartwig and other employees of CSDC; related documents.)

12. Plaintiff earned more than half of her annual income from sources other than CSDC. (Anticipated testimony of Plaintiff; related documents.)

13. Pursuant to the terms of the Contract, either party could terminate the Contract at any time upon 60-day notice to the other. (Anticipated testimony of Plaintiff, Eugene Harris, and Hans Hartwig; related documents.)

14. Plaintiff understood that this provision allowed the parties to cancel the Contract with 60 days notice. (Anticipated testimony of Plaintiff.)

15. CSDC found the need for mental health services dramatically increase over the last few years of Plaintiff's employment while the need for medical and/or dental care had much less of an increase. (Anticipated testimony of Plaintiff, Eugene Harris, Hans Hartwig, and other

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

employees of CSDC; related documents.)

16. In April 2006, the Center Director Eugene Harris requested that Hans Hartwig, the Administrative Service Director, and Monika Spinks, the Health and Wellness Administrator, look at the budget and outgoing costs to determine what changes could be made to improve the services provided while reducing the budget. (Anticipated testimony of Eugene Harris, Hans Hartwig, and Monika Spinks; related documents.)

17. Of all the independent contractors, including Plaintiff, the Center's physician Dr. Robert Robinson and the Center's dentist Dr. Charles Johnson, Plaintiff was the only one charging outside of her Contract. (Anticipated testimony of Plaintiff, Hans Hartwig and Monika Spinks; related documents.)

18. In August 2006, Mr. Hartwig recommended to Mr. Harris that the Center change the Mental Health independent contractor position to a full-time, CSDC employee position. By doing so, the Center could save money while expanding services available to students. (Anticipated testimony of Eugene Harris, Hans Hartwig, and Monika Spinks; related documents.)

19. At the time, Plaintiff provided approximately 28 hours of services on campus each week, at an annual cost of over $106,000. (Anticipated testimony of Plaintiff, Eugene Harris, Hans Hartwig, Monika Spinks and other employees of CSDC; related documents.)

20. CSDC also paid Plaintiff for hours worked "outside of the contract," which amounted to about $12,000 from October 2005 to September 2006. (Anticipated testimony of Plaintiff, Eugene Harris, Hans Hartwig, Monika Spinks and other employees of CSDC; related documents.)

21. CSDC also paid Plaintiff for the hours worked by her intern, Richard West, which amounted to almost $7,000 from October 2005 to September 2006. (Anticipated testimony of Plaintiff, Eugene Harris, Hans Hartwig, Monika Spinks and other employees of CSDC; related documents.)

22. By hiring a full-time employee, the Center would receive 40 hours or more of Mental Health services at an annual cost of $80,000 to $100,000. (Anticipated testimony of

Eugene Harris, Hans Hartwig, Monika Spinks and other employees of CSDC; related documents.)

23. Mr. Harris approved the recommendation, and submitted the proposed job change to the Department of Labor for approval. Because CSDC contracts with the Department of Labor to run the San Diego Job Corp, any proposed changes to the CSDC's organizational chart at the San Diego Job Corp must be approved by the Department of Labor. (Anticipated testimony of Eugene Harris, Hans Hartwig, Monika Spinks and other employees of CSDC; related documents.)

24. Plaintiff's Contract was set to expire September 30, 2006. Because CSDC had not yet received approval from the Department of Labor to change the Mental Health position to a full-time employee, CSDC exercised its option and extended Plaintiff's Contract for an additional year. At the time, CSDC did not know whether the Department of Labor would approve the change to the Mental Health position. (Anticipated testimony of Plaintiff, Eugene Harris, Hans Hartwig, Monika Spinks and other employees of CSDC; related documents.)

25. In late October 2006, CSDC received approval from the Department of Labor to change the Mental Health independent contractor position to a full-time, CSDC employee position. (Anticipated testimony of Eugene Harris and Hans Hartwig; related documents.)

26. On November 28, 2006, Mr. Harris provided Plaintiff with written notice that her Contract was being terminated effective 60 days from her acknowledged receipt of the notice. (Anticipated testimony of Plaintiff and Eugene Harris; related documents.)

27. On December 4, 2006, Plaintiff acknowledged receipt of the letter cancelling her Contract, and notified CSDC that she and her staff would be leaving on January 26, 2007. (Anticipated testimony of Plaintiff, Eugene Harris and Hans Hartwig; related documents.)

28. Mr. Harris explained to Plaintiff that this change had nothing to do with Plaintiff's performance, that it was purely financial, and Mr. Harris encouraged Plaintiff to apply for the new position. (Anticipated testimony of Plaintiff and Eugene Harris; related documents.)

29. Plaintiff initially expressed interest in applying for the full-time position. To that end, she submitted an application and her resume, and had an interview date set. However, on

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

January 10, 2007, Plaintiff withdrew her application and cancelled her interview. (Anticipated testimony of Plaintiff, Eugene Harris, Hans Hartwig, Monika Spinks and other employees of CSDC; related documents.)

30. Thereafter, CSDC hired Dr. Lisa Talerico, a Caucasian woman, for the full-time Mental Health position at an annual salary of $92,500. (Anticipated testimony of Eugene Harris, Monika Spinks, Lisa Talerico and Regina Rin; related documents.)

31. For CSDC, the cost of benefits for a full-time employee is approximately 23% of the employee's annual salary. Accordingly, the cost to CSDC for benefits for Dr. Talerico was $21,275, for a total cost of $113,775. (Anticipated testimony of Eugene Harris, Jeff Stinson, and Regina Rin; related documents.)

32. CSDC saved approximately $4,000 by employing a full-time employee psychologist instead of an independent contractor. More importantly, however, CSDC received over 40 hours of services by employing a full-time employee psychologist instead of the 28 hours of services provided by Plaintiff. (Anticipated testimony of Eugene Harris, Jeff Stinson and other employees of CSDC; related documents.)

33. Plaintiff cannot identify a single comment during her eighteen years working at the Center suggesting that the Center had a discriminatory animus against Caucasians. (Anticipated testimony of Plaintiff and other employees of CSDC.)

34. Plaintiff has not alleged a claim for unpaid wages. (Anticipated testimony of Plaintiff; related documents.)

## III. CONTENTIONS OF LAW

1. Plaintiff's claim for wrongful termination in violation of public policy is barred as a matter of law. Wrongful termination in violation of public policy is an exception to the at-will employment doctrine set forth in Labor Code section 2922. (*Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 665-669 (1988); *see also Phillips v. St. Mary Regional Medical Center*, 96 Cal.App.4th 218, 225-226 (2002) ["The tort cause of action for wrongful termination in violation of public policy provides a vehicle for recourse that otherwise would be unavailable under general rules of the at-will employment doctrine"].) This exception permits an employee to

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

bring a tort cause of action against an employer who terminates an at-will employment on a ground that violates a fundamental public policy. (*Gantt v. Sentry Ins.*, 1 Cal.4th 1083, 1089-1090, 1094-1095 (1992), overruled on another point in *Green v. Ralee Engineering Co.*, 19 Cal.4th 66, 80, fn. 6 (1988).)

Where an employee is not an at-will employee, but subject to an employment contract, that employee has no cause of action for wrongful termination in violation of public policy. (*See e.g.*, *Cullen v. E.H. Friedrich Co.*, 910 F.Supp. 815, 821 (D.Mass.1995) ["[t]he cause of action [for wrongful discharge in violation of public policy] is only available to 'at-will' employees"]; *Silva v. Albuquerque Assembly & Distrib. Freeport Warehouse Corp.*, 106 N.M. 19, 738 P.2d 513, 515 (N.M. 1987) ["Obviously, if an employee is protected from wrongful termination by an employment contract, the intended protection afforded by the retaliatory discharge action is unnecessary and inapplicable"]; *Hermreck v. United Parcel Serv., Inc.*, 938 P.2d 863, 867 (Wyo.1997) ["Where an employment contract is present, there does not exist any necessity for invoking a separate action for the tort of retaliatory discharge as to vindicate public policy."]; *Tomlinson v. Board of Educ.*, 226 Conn. 704, 730 n. 18, 629 A.2d 333, 347 n. 18 (Conn. 1993) [because plaintiff is not an employee at-will, she "is not entitled to invoke the common law doctrine of wrongful discharge as a separate cause of action in tort."].)

2. In order to establish a claim for breach of contract, Plaintiff must establish: (1) the existence of a valid contract; (2) Plaintiff's performance under the contract; (3) CSDC's breach of the contract; and (4) damages. (*Custodio v. Bauer*, 251 Cal.App.2d 303, 315 (1967).)

3. In ascertaining the parties' intent, the language of a contractual provision should not be interpreted in isolation, but rather must be viewed in light of related contractual provisions in the same agreement. (Cal. Civ. Code, § 164.)

4. The reasons for terminating a contract are irrelevant in a breach of contract claim. "A party may breach a contract…because of personal, racial, or ethnic animus, or for other nefarious or unethical reasons." (*Abrahamson v. NME Hospitals, Inc.*, 195 Cal.App.3d 1325, 1328 (1987); *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 516-517 (1994).)

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

5. In order to bring a claim for wrongful termination, Plaintiff must first establish that an employer-employee relationship existed. (*Holmes v. General Dynamics Corp.*, 17 Cal.App.4th 1418, 1426, fn. 8 (1993).)

6. The principal test to determine whether an individual is an employee or an independent contract is the "control" test. The issue is "whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." However, the courts have long recognized that applying the "control" test rigidly and in isolation is often not useful in evaluating the different variety of service arrangements. (*S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341, 350 (1989).)

7. Although the right to control work details is still considered the most significant consideration, the courts also will look to several secondary factors to determine the nature of the service relationship. These factors are: (a) whether the one performing the services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee. (*S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341, 351 (1989).)

8. Complete abnegation of control is not essential to the establishment of the status of independent contractor. Where one person is performing work in which another is beneficially interested, the latter may exercise over the former a certain measure of control which looks to the results to be obtained without creating the relationship of employer-employee. (*Bates v. Industrial Accident Comm.*, 56 Cal.App.2d 713, 718 (1958).)

9. To establish a claim for wrongful termination in violation of public policy based on an alleged protected complaints, Plaintiff must establish: (1) the existence of a fundamental

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

public policy; (2) that she engaged in activity in furtherance of the public policy; (3) CSDC was aware of the protected activity; and (4) the protected activity was a motivating factor in the CSDC's decision to terminate Plaintiff. (*See generally Thompson v. Tracor Flight Systems, Inc.*, 86 Cal.App.4th 1156, 1168 (2001).)

10. In order to support a claim for wrongful termination, Plaintiff must show that she was terminated in violation of a public policy that is: (1) embodied in a statute or constitutional provision; (2) beneficial to the public; (3) articulated at the time of discharge; and (4) fundamental and substantial. (*Stevenson v. Superior Court*, 16 Cal.4th 880, 889-890 (1997).)

11. Just because conduct is related to a statute does not mean it involves a significant public interest. (*See Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 669 (1988).)

12. Employee disclosures of information that serves only the private interest of the employer does not involve a significant public interest and cannot support a wrongful termination claim. (*Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 671 (1998); *Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th 1238, 1256-57 (1994); *American Computer Corp. v. Superior Court*, 213 Cal.App.3d 664, 668-669 (1989); *Rivera v. National R.R. Passenger Corp.*, 331 F.3d 1074, 1080 (9th Cir. 2003).)

13. If the public policy upon which the wrongful termination claim is based does not prohibit the purportedly wrongful conduct, then a wrongful termination claim may not be brought. (*See Esberg v. Union Oil Co.*, 28 Cal.4th 262, 272(2002), overruled on other grounds by *Alch v. Superior Court*, 122 Cal.App.4th 339, 396 (2004).)

14. To establish a claim for wrongful termination in violation of public policy based on race, Plaintiff must establish that: (1) she belongs to a protected group; (2) she was terminated; and (3) her race was a motivating factor in her termination. (*See generally Haney v. Aramark Uniform Services, Inc.*, 121 Cal.App.4th 623, 641 (2004).)

15. A motivating reason is something that made a difference in the employer's decision, in that otherwise the decision would have been different. Plaintiff's race/complaints were not a motivating reason if CSDC would have made the same decisions even in the absence of the complaints. (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 354.)

16. CSDC had no obligation to provide Plaintiff with warnings, evaluations, feedback or notice of its discussions regarding changes to her position prior to terminating her. (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 354.)

17. An employer has the right to make business decisions for good reasons, bad reasons, or no reason at all, absent intentional discrimination or retaliation. It does not matter whether CSDC was unreasonable, arbitrary or unfair in its business decision, so long as Plaintiff's complaints were not a determining factor with respect to CSDC's actions. The trier of fact is not permitted to second-guess CSDC's business decisions. That means they are not to determine whether CSDC made the best decision, nor whether they would have made the same decisions had they been in CSDC's place, nor even whether CSDC made a sound decision. It does not matter if they disagree with CSDC's stated reasons, if they believe the decision was harsh or unreasonable, or if they believe the decisions was an error in business judgment, as long as CSDC would have reached the same decision regardless of Plaintiff's race/complaints. (*Stephens v. Coldwell Banker Comm. Group*, 199 Cal.App.3d 1394, 1400 (1988); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981); *Gonzales v. MetPath, Inc.*, 214 Cal.App.3d 422, 428 (1989).

18. When selecting an employee for termination, an employer is entitled to base its decision on factors that it reasonably believes to be true even if those factors later are shown to be untrue or incorrect. (*Stephens v. Coldwell Banker Comm. Group*, 199 Cal.App.3d 1394, 1400 (1988); *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 816 (5th Cir. 1993); *Pollard v. REA Magnet Wire Co., Inc.*, 824 F.2d 557, 559 (7th Cir. 1987); *Bechold v. IGW Systems, Inc.*, 817 F.2d 1282, 1285 (7th Cir. 1987).)

19. CSDC had the right to terminate Plaintiff based on her personality conflicts and/or inability to get along with other employees, so long as Plaintiff's race or complaints were not determining factors with respect to CSDC's actions. (*Hampe v. California*, 2000 U.S. Dist. LEXIS 15435, *17 (E.D. Cal. 2000); *Voytek v. University of Cal.*, 1994 U.S. Dist. LEXIS 12453, *41 (N.D. Cal. 1994); *Figueroa v. City of New York*, 2002 U.S. Dist. LEXIS 18340, *10-11 (D.N.Y. 2002).)

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

20. In a breach of contract claim, the non-breaching party has a duty to mitigate damages. (*Shaffer v. Debbas*, 17 Cal.App.4th 33 (1993).

21. Attorneys' fees are only recoverable where (1) an agreement between the parties provides for the recovery of those fees, or (2) a statute creates a right of recovery. (CCP § 1021; *Stephens v. Coldwell Banker Commercial Group, Inc.* (1988) 199 Cal.App.3d 1394, 1405, overruled on other grounds in *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 574, fn. 4.) Here, Plaintiff's wrongful termination claims are based upon common law tort. She has not alleged a claim under a statute and thus is not entitled to obtain attorneys' fees.

## IV. ABANDONED ISSUES

CSDC is not aware of any issues raised in the pleadings which have been abandoned. However, as described above, all claims for breach of implied covenant of good faith and fair dealing, intentional infliction of emotional distress, negligence and violation of the Unruh Civil Rights Act have been summarily adjudicated in favor of CSDC

## V. EXHIBITS

The list of exhibits that CSDC expects to offer at trial, other than those to be used for impeachment and rebuttal, is attached hereto as Exhibit A.

## VI. WITNESSES

The list of witnesses that CSDC expects to call at trial attached hereto as Exhibit B.

Dated: July 13, 2009

ANDREWS · LAGASSE · BRANCH & BELL LLP

By: */s/ Shauna L. Durrant*
Jonathan D. Andrews
Shauna L. Durrant
Attorneys For Defendant
CAREER SYSTEMS DEVELOPMENT CORPORATION

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

# EXHIBIT A

JONATHAN D. ANDREWS (SBN: 199256)
SHAUNA L. DURRANT (SBN: 228489)
ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 345-5080
Facsimile: (858) 345-5025

Attorneys for Defendant
CAREER SYSTEMS DEVELOPMENT CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARLENE HOYT,

Plaintiff,

vs.

CAREER SYSTEMS DEVELOPMENT CORPORATION,

Defendant.

CASE NO.: 07 CV 1733 BEN (RBB)

**DEFENDANT'S EXHIBIT LIST**

Pre-Trial Conference: August 3, 2009
Judge: Hon. Roger T. Benitez
Courtroom: 3

Complaint Filed: August 31, 2007

| EX. NO. | DESCRIPTION | DATE MARKED | DATE ADMITTED |
|---|---|---|---|
| A. | Plaintiff's Contract with CSDC, from October 1, 2003 to September 30, 2005 | | |
| B. | Plaintiff's Psychologists Professional Liability Policy (CSDC 0060) | | |
| C. | Letter from Hartwig to Plaintiff, dated January 25, 2005 (CSDC 0019) | | |
| D. | Memorandum by Spinks dated March 29, 2006 (CSDC 0041) | | |
| E. | Emails between Spinks and Jones dated April 14/16, 2006 (CSDC 0133) | | |

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

| EX. NO. | DESCRIPTION | DATE MARKED | DATE ADMITTED |
|---|---|---|---|
| F. | Memorandum by Spinks dated April 24, 2006 (CSDC 0042) | | |
| G. | Emails between Plaintiff and Spinks, dated April 24/26, 2006 (CSDC 0054) | | |
| H. | Emails between Plaintiff and Spinks, dated April 24/26, 2006 (CSDC 0045) | | |
| I. | Emails between Plaintiff and Spinks, dated April 24/26/28, 2006 (CSDC 0104) | | |
| J. | San Diego Job Corps Mental Health Department Statistics 1/4/06-4/28/06 (CSDC 0055-56) | | |
| K. | IDT Minutes, April 28, 2006 (CSDC 0132) | | |
| L. | Emails between Plaintiff and Spinks dated May 3/5, 2006 (CSDC 0044) | | |
| M. | Emails between Plaintiff and Spinks, dated May 3/5, 2006 (CSDC 0130) | | |
| N. | Memorandum by Spinks re Emails dated April 25/May 5, 2006 (CSDC 0043) | | |
| O. | Email from Plaintiff to Spinks dated May 8, 2009 (CSDC 0048) | | |
| P. | Email from Plaintiff to Spinks dated May 8, 2006 (CSDC 0106) | | |
| Q. | Email from Spinks to Plaintiff dated May 8, 2006 (CSDC 0129) | | |
| R. | Memorandum by Spinks re Email from Plaintiff on May 8, 2006 (CSDC 0047) | | |
| S. | Email from Spinks to Hartwig dated May 23, 2006 (CSDC 0136) | | |
| T. | Email from Plaintiff to Hartwig dated May 25, 2006 (CSDC 0141) | | |
| U. | Letter from Spinks to Harris dated May 26, 2006 (CSDC 0035) | | |
| V. | Letter from Spinks to Plaintiff dated May 26, 2006 (CSDC 0036-37) | | |
| W. | Email from Plaintiff to Hartwig dated June 2, 2006 (CSDC 0066) | | |
| X. | Letter from Plaintiff to Harris dated June 5, 2006 | | |

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

| EX. NO. | DESCRIPTION | DATE MARKED | DATE ADMITTED |
|---|---|---|---|
| Y. | Emails between Plaintiff and Spinks dated June 7, 2006 (CSDC 0146-147) | | |
| Z. | Letter from Spinks to Plaintiff dated June 7, 2006 (CSDC 0038) | | |
| AA. | Memorandum by Spinks dated June 7, 2006 (CSDC 0052) | | |
| BB. | Email from Plaintiff cc to Spinks dated July 26, 2006 (CSDC 0110) | | |
| CC. | Letter from Plaintiff to Harris dated July 31, 2006 (CSDC 00148-149) | | |
| DD. | Powerpoint Presentation on Health & Wellness Department (CSDC 0260-275) | | |
| EE. | Letter from Spinks to Plaintiff dated August 7, 2006 (CSDC 0039) | | |
| FF. | Letter from Spinks to Harris dated August 7, 2006 (CSDC 0150-151) | | |
| GG. | Memorandum by Spinks dated September 1, 2006 (CSDC 0053) | | |
| HH. | Memo from Dobey to Makin dated September 15, 2006 (CSDC 0477) | | |
| II. | Letter from Harris to Plaintiff dated September 26, 2006 (CSDC 0001) | | |
| JJ. | Memo from Makin to Harris dated September 26, 2006 (CSDC 0479-480) | | |
| KK. | Letter from Plaintiff to Harris, dated September 26, 2005 (CSDC 0017) | | |
| LL. | Notes from Plaintiff re Mental Health Work Schedule (CSDC 0020-21) | | |
| MM. | Letter from Harris to Plaintiff, dated September 26, 2005 (CSDC 0018) | | |
| NN. | Memorandum by Spinks dated November 3, 2006 (CSDC 0152) | | |
| OO. | Letter from Spinks to Plaintiff dated November 6, 2006 (CSDC 0154) | | |
| PP. | Email between Plaintiff and Spinks dated November 13, 2006 (CSDC 00158) | | |

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

| EX. NO. | DESCRIPTION | DATE MARKED | DATE ADMITTED |
|---|---|---|---|
| QQ. | Letter from Harris to Daher dated November 15, 2006, received November 27, 2006 (CSDC 0478) | | |
| RR. | Email from Hoyt to Spinks dated November 27, 2006 (CSDC 0111) | | |
| SS. | Letter from Harris to Plaintiff dated November 28, 2006 (CSDC 0002) | | |
| TT. | Email between Plaintiff to Harris dated November 29/30, 2006 | | |
| UU. | Letter from Plaintiff to Harris dated December 4, 2006 (CSDC 0069) | | |
| VV. | Handwritten Note from Plaintiff to Spinks re Interns (CSDC 0065) | | |
| WW. | Letter from Plaintiff to Burden dated December 4, 2006 | | |
| XX. | CSDC Health Consultant Trip Report dated December 5, 2006 (CSDC 0159) | | |
| YY. | Email between Plaintiff and Dobey dated December 8, 2006 | | |
| ZZ. | Facsimile Transmittal Sheet from Plaintiff to CSDC, dated December 12, 2006 (CSDC 0062) | | |
| AAA. | Plaintiff's Resume (CSDC 0063-64) | | |
| BBB. | Email from Spinks to Plaintiff dated December 13, 2006 (CSDC 0023-24) | | |
| CCC. | Email between Plaintiff and Spinks dated December 14/18, 2006 (CSDC 0073-74) | | |
| DDD. | Email between Spinks and Berger dated December 18, 2006 (CSDC 0076) | | |
| EEE. | Job Announcement dated December 22, 2006 (CSDC 0464) | | |
| FFF. | Email between Spinks and Plaintiff's assistant dated January 3, 2007 (CSDC 0003) | | |
| GGG. | Email from Spinks to Plaintiff dated January 3, 2007 | | |
| HHH. | Email between Plaintiff and Spinks dated January 4, 2007 (CSDC 0079-80) | | |
| III. | Letter from Spinks to Hartwig dated January 4, 2007 (CSDC 0119-120) | | |

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

| EX. NO. | DESCRIPTION | DATE MARKED | DATE ADMITTED |
|---|---|---|---|
| JJJ. | Email between Spinks and Berger dated January 3/5, 2007 (CSDC 0004-5) | | |
| KKK. | Plaintiff's Employment Application dated January 8, 2007 | | |
| LLL. | Plaintiff's EEO Data Sheet, dated January 8, 2007 | | |
| MMM. | Email from Plaintiff to Dobey dated January 10, 2007 (CSDC 0006) | | |
| NNN. | Email from Spinks to Plaintiff dated January 31, 2007 (CSDC 0084-85) | | |
| OOO. | Monthly Report Submitted by Mental Health May 2006 (CSDC 0124) | | |
| PPP. | Health and Wellness Monthly Report May 2006 (CSDC 0121) | | |
| QQQ. | Standard Operating Procedure for Protected Medical Information, issued October 25, 2006 (CSDC 0482-483) | | |
| RRR. | Authorization for Use and Disclosure of Your Health Information (CSDC 0484-489) | | |
| SSS. | HIPPA Notice (CSDC 0491-497) | | |
| TTT. | Mental Health and Wellness Program | | |
| UUU. | Correspondences between DOL and CSDC re full-time employee psychologist position | | |
| VVV. | Plaintiff's Invoices to CSDC in 2005 | | |
| WWW. | Plaintiff's Invoices to CSDC in 2006 | | |
| XXX. | Summary of Plaintiff's Invoices October 2003-September 2006 (CSDC 0400) | | |
| YYY. | Adding Tape Calculations for Full-Time MHC (CSDC 0402) | | |
| ZZZ. | Memorandum by Plaintiff re her replacement (Ex. 8 to Deposition, Vol. I) | | |
| AAAA. | Invoices from Dentist Robert Robinson in 2006 (CSDC 0407-0425) | | |
| BBBB. | Invoices from Doctor Charlie Johnson in 2006 (CSDC 00368-380, 426-449) | | |
| CCCC. | Health & Wellness Orientation (CSDC 0007-12) | | |

| EX. NO. | DESCRIPTION | DATE MARKED | DATE ADMITTED |
|---|---|---|---|
| DDDD. | Position Description, Health and Wellness Administrator (CSDC 0013-15) | | |
| EEEE. | Plaintiff's Bank Statements 2005 | | |
| FFFF. | Plaintiff's Bank Statements 2006 | | |
| GGGG. | Plaintiff's Bank Statements 2007 | | |
| HHHH. | Plaintiff's Bank Statements 2008 | | |
| IIII. | Plaintiff's Bank Statements 2009 | | |
| JJJJ. | Plaintiff's 1099 Tax Forms | | |
| KKKK. | Plaintiff's Tax Returns | | |
| LLLL. | Documents subpoenaed from Patricia Smith | | |
| MMMM. | Plaintiff's incorporation documents | | |
| NNNN. | Letter from Plaintiff to whom it may concern dated June 12, 2007, and attached resume | | |
| OOOO. | Plaintiff's premium summary for insurance, effective July 1, 2006 | | |
| PPPP. | Plaintiff's medical records from Civia Gordon | | |
| QQQQ. | Plaintiff's medical records from Dr. Richard Friedman | | |
| RRRR. | Special Interrogatories to Plaintiff – Set One | | |
| SSSS. | Plaintiff's Responses to Special Interrogatories – Set One | | |
| TTTT. | Plaintiff's Responses to Form Interrogatories – Employment – Set One | | |
| UUUU. | Plaintiff's Declaration in Opposition to CSDC's Motion for Summary Judgment | | |
| VVVV. | Plaintiff's DFEH Complaint | | |
| WWWW | Dana Basney, CPA's Records/File | | |
| XXXX. | Dana Basney, CPA's Expert Report | | |
| YYYY. | Dana Basney, CPA's CV | | |
| ZZZZ. | Cláudia Schwartz, Records/File | | |

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

| EX. NO. | DESCRIPTION | DATE MARKED | DATE ADMITTED |
|---|---|---|---|
| AAAAA. | Cláudia Schwartz, Expert Report | | |
| BBBBB. | Cláudia Schwartz, CV | | |

Dated: July 13, 2009

ANDREWS · LAGASSE · BRANCH & BELL LLP

By: */s/ Shauna L. Durrant*
Jonathan D. Andrews
Shauna L. Durrant
Attorneys For Defendant
CAREER SYSTEMS DEVELOPMENT CORPORATION

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

# EXHIBIT B

JONATHAN D. ANDREWS (SBN: 199256)
SHAUNA L. DURRANT (SBN: 228489)
ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 345-5080
Facsimile: (858) 345-5025

Attorneys for Defendant
CAREER SYSTEMS DEVELOPMENT CORPORATION

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARLENE HOYT,

Plaintiff,

vs.

CAREER SYSTEMS DEVELOPMENT CORPORATION,

Defendant.

CASE NO.: 07 CV 1733 BEN (RBB)

**DEFENDANT'S WITNESS LIST**

Pre-Trial Conference: August 3, 2009
Judge: Hon. Roger T. Benitez
Courtroom: 3

Complaint Filed: August 31, 2007

Defendant Career Systems Development Corporation anticipates calling the following individuals at trial:

1. Plaintiff Darlene Hoyt
2. Eugene Harris – 2576 Casa Linda Drive, Sacramento, CA 95822
3. Monika Spinks – *to follow*, Seattle, WA;
4. Hans Hartwig – 1325 Iris Avenue, San Diego, CA 91932;
5. Regina Rin – 1325 Iris Avenue, San Diego, CA 91932;
6. Gine Dobey – 1325 Iris Avenue, San Diego, CA 91932;
7. Lisa Talerico – 810 Emerald Street, Suite 123, San Diego, CA 92109;

8. Claudia Schuster – 90 7th Street, Suite 12-100, San Francisco, CA 94103;

9. Boyd Barger – 1325 Iris Avenue, San Diego, CA 91932;

10. Jeff Stinson – 2465 Campus Drive, Irvine, CA 92612;

11. Carol Miller – 2465 Campus Drive, Irvine, CA 92612;

12. Andrew Berger – 90 7th Street, Suite 12-100, San Francisco, CA 94103;

13. Robert Robinson – 1325 Iris Avenue, San Diego, CA 91932;

14. Valarie Cherry – 1100 Wayne Avenue, #350, Silver Springs, MD 20910;

15. Edward Hernandez – 15515 Juanita Woodinville Way N.E., Apt. I-202, Dothell, WA 98011;

16. Stacey Hoyt – 3411 3rd Ave., San Diego, CA 92103;

17. Alan Reynolds – 80 Commerce Drive, Rochester, NY 14623;

18. Jon Woodruff – 80 Commerce Drive, Rochester, NY 14623;

19. Civia Gordon – 591 Camino De La Reina, San Diego, CA 92108;

20. Richard Friedman – 4033 3rd Avenue, #300, San Diego, CA 92103;

21. Patricia Smith – 2841 Dove Street, San Diego, CA 92103;

22. Dana Basney – Certified Public Accountant, 10616 Scripps Summit Court, San Diego, CA 92131: Mr. Basney is expected to testify in response to the testimony of Plaintiff's expert Gene R. Konrad regarding the economic damages sustained by plaintiff (or lack thereof), including but not limited to lost income, employment benefits such as vacation, health and life insurance and retirement, stock other benefits, and the like. He will further testify in response to Mr. Konrad's testimony on the following issues: the standards and practices generally accepted relative to internal audits, compilations and reviews; generally accepted accounting practices related to audits, procedures and processes, a review and assessment of CSDC's economic justification with regard to its decisions regarding maintaining Plaintiff's relationship with CSDC; a review of and assessment of CSDC's financial justification with regard to its decisions regarding maintaining Plaintiff's relationship with CSDC, including assessment of the financial costs of plaintiff's replacement or similar position. He will further testify in response to the testimony of Plaintiff's expert James R. Lackritz regarding the workplace demographic of

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

CSDC, including statistical proof of race discrimination (or lack thereof) by CSDC; statistical analyses of CSDC's data and statistical information relative to its workforce during the relevant period; and statistical analysis assessing the effect (or lack thereof) of race on Plaintiff's relationship and the terms of the relationship with CSDC.

23. Cláudia Schwartz – 1010 University Ave., # 30, San Diego, CA 92103; Ms. Schwartz is expected to testify in response to the testimony of Plaintiff's expert Jai Ghropade regarding issues related to human resources, including but not limited to various employment, personnel, payroll, benefits, wage and industrial relations issues, including but not limited to personnel management, industrial relations/personnel relationship, scope and reasonableness or fairness of procedures and the rights of employers and employees in the workforce. Ms. Schwartz is expected to respond to Dr. Ghropade's testimony regarding CSDC's policies and procedures and the facts of this case to provide an opinion as to the following issues: factors determining whether an individual is an employee or an independent contractor; discrimination in the workplace based on race; retaliation; wrongful termination in violation of public policy; affirmative action plans; good cause for termination and whether CSDC was justified in ceasing its relationship with Plaintiff.

Dated: July 13, 2009

ANDREWS · LAGASSE · BRANCH & BELL LLP

By: _/s/ Shauna L. Durrant_
Jonathan D. Andrews
Shauna L. Durrant
Attorneys For Defendant
CAREER SYSTEMS DEVELOPMENT CORPORATION