1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE HOYT,  ) | Case No. 07 CV 1733 BEN (RBB) |
| ) | |
| Plaintiff,  ) | **PRETRIAL CONFERENCE ORDER** |
| ) | |
| v.  ) | Final Pretrial Conference:  August 3, 2009 |
| ) | Time:                          10:30 a.m. |
| CAREER SYSTEMS DEVELOPMENT,  ) | Courtroom:                  3 |
| ) | Judge:          Hon. Roger T. Benitez |
| Defendants.  ) | |
| ————————————  ) | Complaint Filed:        August 31, 2007 |

Following pretrial proceedings pursuant to *Federal Rules of Civil Procedure, Rule 16* and Civil Local Rule 16.1.f.6, IT IS ORDERED:

I

This is an action for:

A.    **Nature of Action:**

In this action, the plaintiff, Dr. Darlene Hoyt, a licensed California psychologist, seeks to recover money damages from defendant, Career Systems Development Corporation ["Career Systems"].  Career Systems operates the San Diego Job Corps Center located in Imperial Beach. Dr. Hoyt alleges that Career Systems breached its contract with her by terminating her services as Mental Health Consultant at the San Diego Job Corps Center.  She also claims that the termination violated public policy.

Defendant, Career Systems, denies that it breached its contract with Dr. Hoyt.  Career Systems contends that it terminated Dr. Hoyt's contract in accordance with the provisions of the

1  contract, and denies that it violated California public policy.  Career Systems further claims that

2  Dr. Hoyt was not damaged because of its actions.

3      B.    **The Parties:**

4      1.    Plaintiff:       Darlene Hoyt,  Ph.D.;

5      2.    Defendant:    Career Systems Development Corporation

6      C.    **The Pleadings Which Raise the Issues**:

7      1.    Plaintiff's Second Amended Complaint For: (1) Breach of Contract; (2) Breach of

8  Implied Covenant of Good Faith and Fair Dealing; (3) Wrongful Termination in Violation of

9  *Cal. Govt. Code § 12940*; (4) Wrongful Termination in Violation of Public Policy (California

10  *Government Code § 12940 et al.*); (5) Intentional Infliction of Emotional Distress; (6)

11  Negligence; and (7) Violation of Unruh Civil Rights Act (California Civil Code § 51), filed in

12  the Superior Court of the State of California, San Diego County, on August 21, 2007; and

13      2.    Defendant Career Systems Development Corp.'s Answer to Plaintiff's Second

14  Amended Complaint, filed in the Superior Court of the State of California, San Diego

15  County, on August 31, 2007.

16                                II

17      Federal jurisdiction and venue are invoked upon the ground:

18      A.    On August 31, 2007, this action was removed from the San Diego Superior Court

19  pursuant to *28 U.S.C. §1332(c)(1)* based on diversity of citizenship based on defendant, Career

20  Systems, claim that its principal place of business is Rochester, New York.  Venue is based on *28*

21  *U.S.C. §1391*, namely that the action had been pending in the San Diego County Superior Court.

22                                III

23      The following facts are admitted and require no proof: (Here list each admitted fact,

24  including jurisdictional facts.)

25      1.    Plaintiff, DARLENE HOYT, Ph.D. [hereinafter "Dr. HOYT"], is a licensed

26  California psychologist.

27      2.    In 2003, Dr. HOYT signed a contract entitled "PROPOSAL FOR MENTAL

28  HEALTH SERVICES FOR SAN DIEGO JOB CORPS CENTER AND CAREER SYSTEMS

DEVELOPMENT CORPORATION" effective October 1, 2003 [hereinafter the "Hoyt-CSDC Contract" or sometimes the "Contract"].

3.      Plaintiff, Dr. HOYT, is Caucasian.

IV

The reservations as to the facts recited in paragraph III above are as follows:

None.

V

The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary:

1.      From 1987 through early-2007, Dr. Hoyt provided mental health services as a licensed psychologist to the San Diego Job Corps located in Imperial Beach, California [hereinafter sometimes referred to as the "Center"].

2.      January 26, 2007 was Dr. HOYT's final day at San Diego Job Corps Center.

3.      Defendant, Career Systems, did not cancel Dr. HOYT's contract due to performance issues.

4.      CSDC is an independent, privately held company that contracts with the United States Department of Labor to operate the San Diego Job Corp Center. The Center is part of the federally funded Job Corps system under the U.S. Department of Labor, Employment and Training Administration, Office of Job Corps. Job Corps is a no-cost education and vocationaltraining program that helps young people ages 16 to 24 get a better job, make more money, and take control of their lives.

5.      Plaintiff provided consultation to the Center staff, counselors, and instructors concerning ongoing mental health problems of Center trainees.

VI

The following issues of fact, and no others, remain to be litigated upon the trial:

1.      Whether defendant, Career Systems, breached the Hoyt-CSDC Contract to the second extension year;

2.      Whether Dr. Hoyt was an employee or an independent contractor;

3.      Whether defendant, Career Systems, wrongfully terminated plaintiff's employment in violation of public policy;

4.      Whether defendant, Career Systems, discriminated against, or harassed plaintiff, based on her race;

5.      Damages (economic, non-economic and punitive), if any;

6.      Whether defendant, Career Systems, is guilty of malice or oppression.

7.      Whether the Hoyt-CSDC Contract provided that either party may terminate the Contract at any time with 60-days notice.

8.      Whether defendant, Career Systems, terminated the Hoyt-CSDC Contract consistent with the terms of the Contract.

9.      Whether Dr. Hoyt was harmed as a result of Career System's termination of the Contract.

10.     Whether Dr. Hoyt engaged in an activity in furtherance of the public policy.

11.     Whether Dr. Hoyt's alleged protected activity was a motivating factor in defendant, Career Systems, decision to terminate the Contract.

12.     Whether Dr. Hoyt engaging in the alleged protected activity was a motivating factor in defendant, Career Systems' decision to terminate the Contract.

13.     Whether Dr. Hoyt's race was a motivating factor in defendant, Career Systems, decision to terminate the Contract.

14.     Whether Dr. Hoyt suffered monetary damage as a result of alleged wrongful conduct by defendant, Career Systems.

15.     Whether Dr. Hoyt mitigated any monetary damage caused by defendant, Career System's alleged wrongful conduct.

16.     Whether Dr. Hoyt suffered emotional distress damage as a result of wrongful conduct by defendant, Career Systems.

17.     Whether defendant, Career Systems, engaged in the alleged wrongful conduct with malice, oppression or fraud.

///

07 CV 1733 BEN (RBB)

VII

The exhibits to be offered at the trial, other than those to be used for impeachment, together with a statement of admissibility between the parties with respect thereto, are as follows:

| Number | Marked Description | Legal Grounds for Objection[1] |
|---|---|---|
| 1. | "Sub-Contract for Mental Health Services" with defendant, CSDC, effective May 1, 1990. | 2,3,6,7 |
| 2. | Copy of a document entitled "VI. Health and Wellness and Mental Health, Page 24." and January 14-16, 2003 Region 6 San Francisco Health & Wellness Specific Program Component Rating [M. Spinks Depo Exhibit No. 9] | 2,3,6,7 |
| 3. | Region 6 San Francisco Health & Wellness- Specific Program Component Rating dated January 14-16, 2003 | 2,3,6,7 |
| 4. | Mental Health and Wellness Program Guidelines, March 2003 [H. Hartwig Depo Exhibit No. 27] | 2,3,6 |
| 5. | Ethical Principles PSYCHOLOGIST and Code of Conduct (APA) effective June 1, 2003  ( pages 3, 12 &13) | 2,3,5,6,7 |
| 6. | Minimum Staffing Requirements by Center Size (June to 2003) | 2 |
| 7. | Interoffice Memorandum dated June 24, 2003 to Cres Ebarle from Aladin Rodrigues [J. Negley Depo Exhibit No. 1] | 2,3,5,6,7 |

---

[1] Legend of Grounds for Objection.
1.  No objection; admissibility stipulated to.
2.  Irrelevant
3.  Hearsay
4.  Best evidence
5.  Inadmissible opinion
6.  Insufficient foundation, Relevancy, personal knowledge, authenticity, identity
7.  Unduly time consuming, prejudicial, confusing or misleading
8.  Subsequent repair
9.  Other (To be further specified)

1

2       8.          Letter from Boyd Barger to Jacqueline Roberts, dated        2,3,5,6,7
                    10-1-03 [H. Hartwig Depo Exhibit No. 2]
3

4
        9.          Proposal for Mental Health Services for San Diego Job            6
5                   Corps Center and Career Systems Development
                    Corporation [D. Hoyt Depo Vol. I, Exhibit No. 12]
6

7       10.         CSDC  Notice describing how medical information may be          2,6
                    used and disclosed (HIPPA) with March 2004 health
8                   information excerpts

9

10      11.         Association of Black Psychologist-membership list (2004 -      2,3,5,6,7
                    2005)
11

12      12.         Document entitled "Regional Consultant Trip Report" dated     2,3,5,6,7
                    January 21, 2005 (January 10 - 14, 2005 visit date)  and 1-
13                  page list of concerns and recommendations [D. Hoyt Depo
                    Vol. II, Exhibit No. 22]
14

15      13.         Copy of a document entitled "Regional Office Center           2,3,5,6,7
                    Assessment," dated March 7, 2005 [M. Spinks Depo
16                  Exhibit No. 10]

17

18      14.         Regional Office Center Assessment  ("ROCA") -  San            2,3,5,6,7
                    Diego Job Corps Center  (March 7, 2005), including
19                  Priestley-Perry transmittal letter dated  for March 7, 2005
                    and  Section VI relative to Health &  Wellness  and Mental
20                  Health  [January 10 - 14, 2005]

21

22      15.         Letter from Hartwig to Plaintiff, dated January 25, 2005          6
                    (CSDC 0019)
23

24      16.         26 September 2005 letter to Eugene Harris from Dr. Hoyt          6
                    [D. Hoyt Depo Vol. I, Exhibit No. 14]
25

26
        17.         Letter from Eugene Harris to Dr. Hoyt, dated 9-26-05 [H.        2,6
27                  Hartwig Depo Exhibit No. 5]

28

18.        Handwritten notes dated September 27, 2005; two pages          6
           [D. Hoyt Depo Vol. III, Exhibit No. 38]

19.        San Diego Job Corps Center Executive Order                     2,6,7,9
           Plan, page CSDC1546 [H. Stinson Depo Exhibit No. 3]

20.        Chart with first line reading "Service Workers" [H. Stinson    2,6,7,9
           Depo Exhibit No. 4]

21.        San Diego Job Corps Center Executive Order Plan, page          2,6,7,9
           CSDC1546 and handwritten calculations [H. Stinson Depo
           Exhibit No. 5]

22.        Chart with first line reading "Service Workers" and           2,6,7,9
           handwritten calculations [H. Stinson Depo Exhibit No. 6]

23.        San Diego Job Corps Center - Affirmative Action Program       2,6,7,9
           (2004 -2005)

24.        Handwritten notes dated October 11, 2005; one page [D.         6
           Hoyt Depo Vol. III, Exhibit No. 39]

25.        Handwritten notes dated October 25, 2005; two pages [D.        6
           Hoyt Depo Vol. III, Exhibit No. 40]

26.        Copy of document of Dr. Hoyt's hours outside of the            6
           contract, dated October 2005 [M. Spinks Depo Exhibit No.
           1]

27.        Dr. Hoyt handwritten note dated December 2005                  2,3,6,7,9

28.        Dr. Hoyt  handwritten ledger (September-December 27,           2,3,6,7,9
           2005)

29.        March 24, 2006, U.S. Department of Labor announcement         2,3,6,7,9
           of hiring Esther R. Johnson, as the "new director of the
           Office of Job Corps," including Ms. Johnson's biography
           and photograph

| | | |
|---|---|---|
| 30. | Memorandum by Spinks dated March 29, 2006 (CSDC 0041) | 2,3,6,7,9 |
| 31. | E-mail string (first dated April 12, 2006 from Tom MacCabe to Monika Spinks) [D. Hoyt Depo Vol. II, Exhibit No. 24] | 2,6 |
| 32. | Emails between Spinks and Jones dated April 14/16, 2006 (CSDC 0133) | 2,3,6,7,9 |
| 33. | "Memo for the record" dated April 21, 2006 (Production No. 14) [D. Hoyt Depo Vol. II, Exhibit No. 36] | 2,3,6 |
| 34. | Significant Incident Report dated 4-24-06 [H. Hartwig Depo Exhibit No. 6] | 6 |
| 35. | Spinks memorandum for the record dated April 24, 2006 (CSDC0042) | 6 |
| 36. | Dr. Hoyt-Spinks e-mail dated April 24 and 26, 2006 relative to mental health statistics | 6 |
| 37. | Emails between Plaintiff and Spinks, dated April 24/26, 2006 (CSDC 0045) | 6 |
| 38. | SDJC IDT Minutes dated April 28, 2006 [D. Hoyt Depo Vol. II, Exhibit No. 25] | 6 |
| 39. | San Diego Job Corps Mental Health Department statistics- January through April 28, 2006 (CSDC0055-0056) | 6 |
| 40. | Emails between Plaintiff and Spinks, dated April 24/26/28,2006 (CSDC 0104) | 6 |

| | | |
|---|---|---|
| 41. | Memo for the Record dated April 17, 2006 and May 5, 2006 (Production No. 17)[D. Hoyt Depo Vol. II, Exhibit No. 34] | 2,3,6 |
| 42. | Spinks memo  relative to e-mail from Dr. Hoyt dated April 28 and May 5, 2006 | 6 |
| 43. | Hoyt-Spinks e-mail dated May 5, 2006 | 6 |
| 44. | E-mails dated May 3 & 5, 2006 [H. Hartwig Depo Exhibit No. 7] (CSDC0105) | 6 |
| 45. | Emails between Plaintiff and Spinks dated May 3/5, 2006 (CSDC 0044) | 6 |
| 46. | Emails between Plaintiff and Spinks, dated May 3/5, 2006 (CSDC 0130) | 6 |
| 47. | Personal Authorization for Center Nursing Staff  relative to Monika Spinks dated May 5, 2006 | 2,6 |
| 48. | E-mail from Darlene Hoyt to Monika Spinks, dated 5-8-06 [H. Hartwig Depo Exhibit No. 9] (CSDC0048) | 3,5,6 |
| 49. | E-mail from Darlene Hoyt to Monika Spinks, dated 5-8-06 [H. Hartwig Depo Exhibit No. 8] (CSDC 0106) | 3,5,6 |
| 50. | Copy of an e-mail to Dr. Hoyt and Mr. Harris from Ms. Spinks, dated May 8, 2006 [M. Spinks Depo Exhibit No. 4] (CSDC0129) | 6 |
| 51. | Memorandmn by Spinks re Email from Plaintiff on May 8, 2006 (CSDC 0047) | 6 |
| 52. | E-mail string (first dated May 15, 2006 from Elizabeth Hessom to Darlene Hoyt) [D. Hoyt Depo Vol. II, Exhibit No. 18] | 3,6 |

| 53. | One-page Sub-Contractural Agreement SDJCC 2003-01(MHC) faxed 5/17/06 [E. Harris Depo Exhibit No. 3] | 2,6 |
| 54. | E-mail from Dr. Hoyt to Hans Hartwig, dated 5-23-06 [H. Hartwig Depo Exhibit No. 10] (CSDC0136) | 3,5,6 |
| 55. | E-mail from Dr. Hoyt to Hans Hartwig, dated 5-25-06 [H. Hartwig Depo Exhibit No. 11] (CSDC014) | 3,5,6 |
| 56. | Copy of a letter to Mr. Harris from Ms. Spinks, dated May 26, 2006 [M. Spinks Depo Exhibit No. 2] (CSDC0035) | 6 |
| 57. | 26 May 2006 letter to Dr. Hoyt from Monika Spinks [D. Hoyt Depo Vol. I, Exhibit No. 5] | 6 |
| 58. | TEAP  Special Monthly report dated May 31, 2006 (CSDC0125-0127) | 6 |
| 59. | Health and Wellness Monthly Report dated May 2006 [H. Hartwig Depo Exhibit No. 14] | 6 |
| 60. | June 02, 2006 e-mail to Hans Hartwig from Dr. Hoyt [D. Hoyt Depo Vol. I, Exhibit No. 13] | 6 |
| 61. | Letter dated June 5, 2005 from Darlene Hoyt to Eugene Harris [D. Hoyt Depo Vol. II, Exhibit No. 30] | 2,3,6 |
| 62. | Spinks memorandum for the record dated June 7, 2006 relative to Ali Cochran (CSDC0052) | 6 |
| 63. | June 7, 2006 letter to Dr. Hoyt from Monika Spinks [D. Hoyt Depo Vol. I, Exhibit No. 4] | 6 |

| 64. | Letter dated June 7, 2006 from Monika Spinks to Darlene Hoyt (Dr. Hoyt's Professional Psychologists Liability Insurance Information attached) [G. Dobey Depo Exhibit No. 2] | 6 |

| 65. | June 07, 2006 e-mail from Dr. Hoyt to Monika Spinks [D. Hoyt Depo Vol. I, Exhibit No. 10] | 6 |

| 66. | Emails between Plaintiff and Spinks dated June 7, 2006 (CSDC 0146-147) | 6 |

| 67. | CSDC  Held Care  Guidelines [CSDC0167-259], including Dr. Hoyt's  written acknowledgement of review of "treatment guidelines ... symptomatic management guidelines ... and personal authorizations for health staff," etc. | 2,6 |

| 68. | Spinks -Finance Office memo dated June 28, 2006  relative to "increase in hours for Dr. Donna Mills" | 2,6,7 |

| 69. | E-mail from Darlene Hoyt to Julie France, dated 7-26-06 [H. Hartwig Depo Exhibit No. 18] (CSDC0110) | 6 |

| 70. | Letter dated July 31, 2006 from Darlene Hoyt to Eugene Harris [D. Hoyt Depo Vol. II, Exhibit No. 33] | 6 |

| 71. | Health and Wellness Department Annual Program Update Program Goals, August 2006  [H. Hartwig Depo Exhibit No. 19] (CSDC0260-0275) | 6 |

| 72. | Memo to Eugene Harris, Elias Vasquez, Hans Hartwig from Monika Spinks, dated 8-7-06 [H. Hartwig Depo Exhibit No. 21] (CSDC0150-0151) | 2,3,6,7,9 |

| 73. | August 7, 2006 letter to Dr. Hoyt from Monika Spinks [D. Hoyt Depo Vol. I, Exhibit No. 3] | 6 |

| 74. | Donna M. Mills, M.D. invoice for her month of August 2006 | 2,6,7,9 |

07 CV 1733 BEN (RBB)

| 75. | Spinks memorandum for the record dated September 1, 2006 pertaining to Nicholas Duckworth (CSDC0053) | 2,3,6,7,9 |
|---|---|---|
| 76. | Memo to Scott Makin from Gine Dobey, dated 9-15-06 [H. Hartwig Depo Exhibit No. 22] (CSDC0477-0478) | 2,3,6,7,9 |
| 77. | Memo from Scott Makin to Harris, Hartwig and Dobey, dated 9-26-06 [H. Hartwig Depo Exhibit No. 23] (CSDC0479-0480) | 2,3,6,7,9 |
| 78. | 26 September 2006 letter to Dr. Hoyt from Eugene Harris [D. Hoyt Depo Vol. I, Exhibit No. 7] | 6 |
| 79. | Summary of paid invoices by Darlene Hoyt Bates CSDC 0400-0402 [M. Colon-Perez Depo 4-22-09 Exhibit No. 4] | 6 |
| 80. | San Diego Job Corps Center - Affirmative Action Program (2005 -2006) | 2,6,7,9 |
| 81. | 11 October 2006 letter to Dr. Hoyt from Monika Spinks [D. Hoyt Depo Vol. I, Exhibit No. 6] | 6 |
| 82. | San Diego Job Corps Center- Standard Operating Procedure Approved 11/01/06 (CSDC0482-0483) | 2,6 |
| 83. | Memorandum for the Record to Hans Hartwig, Eugene Harris, Darlene Hoyt from Monika Spinks dated 11/3/2006 re: Frederick Rumsey Bates CSDC0152 [M. Colon-Perez Depo 4-22-09 Exhibit No. 3] | 6,9 |
| 84. | Letter from Spinks to Plaintiff dated November 6, 2006 (CSDC 0154) | 6 |
| 85. | Dr. Hoyt memo for the record dated November 10, 2006 relative to incident regarding Frederick Rumsey (CSDC0155-0157) | 6 |

| 86. | Email between Plaintiff and Spinks dated November 13, 2006 (CSDC 00158) | 6 |
| 87. | Letter from Harris to Daher dated November 15, 2006, received November 27,2006 (CSDC 0478) | 2,3,6,7,9 |
| 88. | Email from Hoyt to Spinks dated November 27, 2006 (CSDC 0111) | 6 |
| 89. | Document entitled "Memo to the Record" [D. Hoyt Depo Vol. II, Exhibit No. 26] | 2,3,5,6 |
| 90. | November 28, 2006 letter to Dr. Hoyt from Eugene Harris [D. Hoyt Depo Vol. I, Exhibit No. 1] | 6 |
| 91. | Copy of Alice Cochran's letter dated November 28, 2006 [A. Cochran Depo Exhibit No. 2] | 2,3,6,7 |
| 92. | Transcription of meeting [Hartwig-Harris - Hoyt] November 29, 2006 | 3,6 |
| 93. | E-mail dated November 29, 2006 from docdar3@aol.com [D. Hoyt Depo Vol. II, Exhibit No. 17] | 6 |
| 94. | December 01, 2006 e-mail to Dr.   Hoyt from Monika Spinks [D. Hoyt Depo Vol. I, Exhibit No. 15] | 6 |
| 95. | Copy of an e-mail from Karen Meyer to Alice Cochran [A. Cochran Depo Exhibit No. 1] | 2,3,6,7,9 |
| 96. | E-mail dated December 2, 2006 from Monika Spinks to Darlene Hoyt, Alice Cochran, Karen Meyer, and Kay Coker; cc'd to Hans Hartwig, Eugene Harris, and Ralph McCoy [A. Cochran Depo Exhibit No. 3] | 2,6 |
| 97. | State of California,  Department of Consumer Affairs, Board of Psychology, County statistics  (December 3, 2006) | 2,3,5,6,7,9 |

| | | |
|---|---|---|
| 98. | Invoice for November 2006 from Darlene Hoyt [D. Hoyt Depo Vol. II, Exhibit No. 31] | 6 |
| 99. | December 4, 2006 letter to Eugene Harris from Dr. Hoyt [D. Hoyt Depo Vol. I, Exhibit No. 2] | 6 |
| 100. | FedEx US Airbill from Darlene Hoyt to Greg Burden + Hoyt-Burden letter dated December 4, 2006 [D. Hoyt Depo Vol. II, Exhibit No. 29] | 2,3,5,6 |
| 101. | Dr. Hoyt- Brian Dahler (U.S. Department of Labor) letter dated December 4, 2006 | 2,6 |
| 102. | Dr. Hoyt- Esther Johnson (U.S. Department of Labor) letter dated December 4, 2006 | 2,6 |
| 103. | CSDC  Health Consultant Trip Report Dated December 5, 2006 | 6 |
| 104. | Purchase Request  dated December 6, 2006  relative to Richard West "outside of contract services" | 2,6,7 |
| 105. | Email between Plaintiff and Dobey dated December 8, 2006 | 6 |
| 106. | Facsimile Transmittal Sheet from Plaintiff to CSDC dated December 12, 2006 (CSDC 0062) | 6 |
| 107. | Email from Spinks to Plaintiff dated December 13, 2006 (CSDC 0023-24) | 6 |
| 108. | Email between Plaintiff and Spinks dated December 14/18,2006 (CSDC 0073-74) | 6 |
| 109. | Hoyt-Spinks e-mail dated December 18, 2006 | 6 |

| | | |
|---|---|---|
| 110. | Copy of an e-mail to Dr. Berger from Ms. Spinks, dated December 18, 2006 [M. Spinks Depo Exhibit No. 5] (CSDC0076) | 6 |
| 111. | Dr. Robert Robinson, DDS, staffing charges Wood.  2004 -- 2006 (CSDC0368-0369 and (CSDC0407-0425) | 6 |
| 112. | Job Announcement dated December 22, 2006 [D. Hoyt Depo Vol. II, Exhibit No. 28] | 6 |
| 113. | San Diego Job Corps notice of mandatory staff training (December 22, 2006) | 2,6 |
| 114. | Copy of Employment Advertisement [L. Talerico Depo Exhibit No. 1] | 2,3,6 |
| 115. | San Diego  Union-Tribune classified ad dated December 24, 2006 | 2,3,6 |
| 116. | Dr. Hoyt resume and fax transmittal cover dated December 27, 2006 | 6 |
| 117. | All invoices for monthly services  submitted by Dr. Hoyt during the period 2004 - 2007, including  invoices, approvals  by CSDC, and "hours outside  Job Corps Contract" (CSDC0283-0367;CSDC0391-0395 and CSDC04000402) | 6 |
| 118. | Financial Management Systems Monthly Center Staff Vacancy and Separation Report for Month Ending 12/31/06 [H. Hartwig Depo Exhibit No. 30] (CSDC0476) | 2,6 |
| 119. | Billing Worksheet for Civia B. Gordon, LCSW, for Darlene Hoyt for visits in 2005 and 2006 [D. Hoyt Depo Vol. III, Exhibit No. 37] | 6 |
| 120. | Handwritten notes dated December 2006; two pages [D. Hoyt Depo Vol. III, Exhibit No. 41] | 6 |

07 CV 1733 BEN (RBB)

| | | |
|---|---|---|
| 121. | Email from Spinks to Plaintiff dated January 3, 2007 | 6 |
| 122. | Email between Spinks and Plaintiff's assistant dated January 3, 2007 (CSDC 0003) | 6 |
| 123. | Email between Spinks and Berger dated January 3/5, 2007 (CSDC 0004-5) | 6 |
| 124. | Memo to Mr. Hartwig from Ms. Spinks, dated January 4, 2007 [M. Spinks Depo Exhibit No. 8] (CSDC0119-0120) | 6 |
| 125. | Email between Plaintiff and Spinks dated January 4, 2007 (CSDC 0079-80) | 6 |
| 126. | CSD Core Value Employment Application dated January 8, 2007 [D. Hoyt Depo Vol. II, Exhibit No. 27] | 6 |
| 127. | Plaintiff's EED Data Sheet, dated January 8, 2007 | 6 |
| 128. | "Relevant Statistics" (Active Student Roster January 17, 2007) [D. Hoyt Depo Vol. I, Exhibit No. 17] | 2,3,4,5,6,7,9 |
| 129. | Dr. Hoyt DFEH  Complaint of Discrimination and Right to Sue letter dated January 21, 2007 | 6 |
| 130. | Copy of an e-mail to Dr. Hoyt from Ms. Spinks, dated January 31, 2007 [M. Spinks Depo Exhibit No. 7] | 6 |
| 131. | Dr. Charlie or Johnson, M.D. invoices for the period 2006, semimonthly and otherwise (signed off by M. Spinks on February 1, 2007) (CSDC0370-0380 and CSDC0426-0449) | 6 |
| 132. | Various student/patient  records  subject to confidentiality and for foundational purposes only (CSDC0050; CSDC0137-0139 and CSDC0397-0399) | 6,9 |

| | | |
|---|---|---|
| 133. | Dr. Hoyt Log of Time Seeking Replacement Income as of April 6, 2007 | 3,6,9 |
| 134. | Letter dated June 12, 2007 from Darlene Hoyt To Whom it May Concern + attached resume [D. Hoyt Depo Vol. II, Exhibit No. 32] | 6 |
| 135. | San Diego Job Corps Center - Affirmative Action Program (2006 -2007) (CSDC1762-1873) | 2,6,7,9 |
| 136. | 11/13/07 CSD Position Description, 3 Pages [L. Talerico Depo Exhibit No. 6] (CSDC387-389) | 6 |
| 137. | Plaintiff's First Set of Requests for Production of Documents (11 pages) (served April 16, 2008) [M. Colon-Perez Depo 1-15-09 Exhibit No. 8] | 2,6,7,9 |
| 138. | Defendant Career Systems Development    Corporation's Responses to Plaintiff's Request for Production of Documents (Set One) (30 pages) [M. Colon-Perez Depo 1-15-09 Exhibit No. 9] | 2,6,7,9 |
| 139. | Defendant Career Systems Development Corporation's Amended Responses to Plaintiff's Request for Production of Documents (Set One)  (6 pages) [M. Colon-Perez Depo 1-15-09 Exhibit No. 10] | 2,6,7,9 |
| 140. | 5/1/08 SD Job Corps Mental Health Consultant Position Description, 3 Pages [L. Talerico Depo Exhibit No. 7] (CSDC0465-0467) | 6 |
| 141. | Plaintiff's Demand for Production of Documents, Set Two (8 pages) (Served June 5, 2008) [M. Colon-Perez Depo 1-15-09 Exhibit No. 11] | 2,6,7,9 |
| 142. | Defendant Career Systems Development Corporation's Responses to Plaintiff's Request for Production of Documents - Set Two (11 pages) [M. Colon-Perez Depo 1-15-09 Exhibit No. 12] | 2,6,7,9 |

| | | |
|---|---|---|
| 143. | Defendant Career Systems Development Corporation's Interrogatories, Set One; four pages [D. Hoyt Depo Vol. III, Exhibit No. 42] | 6 |
| 144. | Plaintiff's Responses to Interrogatories, Set One; 11 pages [D. Hoyt Depo Vol. III, Exhibit No. 43] | 6 |
| 145. | San Diego Job Corps Center - Affirmative Action Program (2007-2008) (CSDC1874-1996) | 2,6,7,9 |
| 146. | Page from the Owl Companies' Web site dealing with Education and Training printed October 6, 2008 [H. Stinson Depo Exhibit No. 2] | 2,3,6 |
| 147. | Plaintiff's Third Request for Production of Documents by Defendant, Career Systems Development (15 pages) (Served October 6, 2008) [M. Colon-Perez Depo 1-15-09 Exhibit No. 13] | 2,6,7,9 |
| 148. | Defendant's Career Systems Development's Responses to Plaintiff Darlene Hoyt's Request for Production of Documents - Set Three (30 pages) [M. Colon-Perez Depo 1-15-09 Exhibit No. 14] | 2,6,7,9 |
| 149. | Letter dated 10/14/2008 to Paul Kondrick from Shauna Durrant with supplement to CSDC's document production (6 pages) [M. Colon-Perez Depo 1-15-09 Exhibit No. 16] | 2,5,6,7,9 |
| 150. | CSDC (Owl Companies) descriptive materials printed November 10, 2008 (CSDC1526-1528) | 2,6 |
| 151. | Amended Notice of Taking Deposition Of Persons to be Designated by Defendant, Career Systems Development dated November 25, 2008 [H. Stinson Depo Exhibit No. 1] | 2,6,7,9 |
| 152. | Defendant's Response to Plaintiff's Amended Notice of Deposition of Persons Most Knowledgeable (4 pages) [M. Colon-Perez Depo 1-15-09 Exhibit No. 7] | 2,6,7,9 |

07 CV 1733 BEN (RBB)

| | | |
|---|---|---|
| 153. | Letter dated 12/11/2008 to Paul Kondrick from Shauna Durrant (7 pages) [M. Colon-Perez Depo 1-15-09 Exhibit No. 15] | 2,3,6,7,9 |
| 154. | Third Amended Notice of Taking Deposition of Persons to be Designated by Defendant, Career Systems Development dated March 16, 2009 (2 pages) [A. Roberts Depo Exhibit No. 1] | 2,6,7,9 |
| 155. | Fourth Amended Notice of Taking Deposition of Persons to be Designated by Defendant, Career Systems Development dated March 30, 2009 ( 2 pages) [M. Colon-Perez Depo 4-22-09 Exhibit No. 1] | 2,3,6,7,9 |
| 156. | San Diego Job Corps Center - Affirmative Action Program (2008 -2009) (CSDC1997-2117) | 2,6,7,9 |
| 157. | Handwritten note to Monika from Dr. Hoyt pertaining to interns separating [D. Hoyt Depo Vol. I, Exhibit No. 9] | 6 |
| 158. | Memo for the Record [D. Hoyt Depo Vol. I, Exhibit No. 8] | 2,3,5,6 |
| 159. | Picture of hole in wall framed, Production No. 174 [D. Hoyt Depo Vol. II, Exhibit No. 19] | 2,3,6,7,9 |
| 160. | Document entitled "Health and Wellness Manager Orientation"  [D. Hoyt Depo Vol. II, Exhibit No. 20] | 6 |
| 161. | Document entitled "Position Description Middle Management, Office Clerical and Administrative" [D. Hoyt Depo Vol. II, Exhibit No. 21] | 2,6 |
| 162. | Document entitled "Corrections on Deposition" [D. Hoyt Depo Vol. II, Exhibit No. 23] | 6 |
| 163. | Document entitled "Hours outside Job Corps Contract" [D. Hoyt Depo Vol. II, Exhibit No. 35] | 6 |

| 164. | Copy of Envelope addressed to Darlene Hoyt [G. Dobey Depo Exhibit No. 3] | 2,3,6 |
| 165. | EEOC Disabilities and Harassment Policy and Procedure Career Systems Development Corporation [L. Talerico Depo Exhibit No. 8] | 6 |
| 166. | Organizational Chart [H. Hartwig Depo Exhibit No. 25] (CSDC0281) | 6 |
| 167. | Organizational Chart [H. Hartwig Depo Exhibit No. 26](CSDC0282) | 6 |
| 168. | Transmittal to Carol Howe from Gine Dobey, dated 2-15 [H. Hartwig Depo Exhibit No. 28] (CSDC0481) | 6 |
| 169. | CSDC equal employment opportunity Policy statement (2 pages) (CSDC0471-0472) | 6 |
| 170. | CSDC "Rules and Regulations" (CSDC0455) | 6 |
| 171. | U.S. Department of Labor - Policy and Requirements Handbook ["PRH"] (CSDC0523-1525) | 6 |
| 172. | CSDC  orientation checklist (CSDC0468-0469) | 6 |
| 173. | Board of Registered Nursing (explanation of RN scope of practice and nurse practitioner practice) | 2,3,6,7,9 |
| 174. | Preference for African-American hires summary (3 pages) | 2,3,5,6,7,9 |
| 175. | San Diego  Job Corps Key Positions (2 pages) | 2,6 |
| 176. | Technical Assistance Guide ["TAG"] Relative to evaluation of applicant folders and disability accommodations | 6 |

07 CV 1733 BEN (RBB)

| 177. | Mental Health Program in the Job Corps | 6 |
| 178. | Expert Witness Working Papers and Reports (Konrad) | 2,3,5,6,7,9 |
| 179. | Expert Witness Working Papers and Reports (Ghorpade) | 2,3,5,6,7,9 |
| 180. | Expert Witness Working Papers and Reports (Lackritz) | 2,3,5,6,7,9 |
| 181. | Plaintiff s Psychologists Professional Liability Policy (CSDC 0060) | 3,5,6,7 |
| 182. | Notes from Plaintiff re Mental Health Work Schedule (CSDC 0020-21) | 6 |
| 183. | Email from Plaintiff to Dobey dated January 10, 2007 (CSDC 0006) | 6 |
| 184. | Monthly Report Submitted by Mental Health May 2006 (CSDC 0124) | 6 |
| 185. | Authorization for Use and Disclosure of Your Health Information (CSDC 0484-489) | 6 |
| 186. | HIPPA Notice (CSDC 0491-497) | 6 |
| 187. | Mental Health and Wellness Program | 6 |
| 188. | Correspondences between DOL and CSDC re fulltime employee psychologist position | 6 |
| 189. | Plaintiff's Invoices to CSDC in 2005 | 6 |

07 CV 1733 BEN (RBB)

| | | |
|---|---|---|
| 190. | Plaintiff's Invoices to CSDC in 2006 | 6 |
| 191. | Plaintiffs Bank Statements 2005 | 3,5,6,7,9 Privacy |
| 192. | Plaintiffs Bank Statements 2006 | 3,5,6,7,9 Privacy |
| 193. | Plaintiffs Bank Statements 2007 | 3,5,6,7,9 Privacy |
| 194. | Plaintiffs Bank Statements 2008 | 3,5,6,7,9 Privacy |
| 195. | Plaintiff s Bank Statements 2009 | 3,5,6,7,9 Privacy |
| 196. | Plaintiffs 1099 Tax Forms | 3,5,6,7,9 Privacy |
| 197. | Plaintiff s Tax Returns | 3,5,6,7,9 Privacy |
| 198. | Documents subpoenaed from Patricia Smith | 3,5,6,7 |
| 199. | Plaintiffs incorporation documents | 3,5,6,7 |
| 200. | Plaintiff s premium summary for insurance, effective July 1, 2006 | 3,5,6,7 |
| 201. | Plaintiffs medical records from Dr. Richard Friedman | 3,5,6,7,9 Privacy |
| 202. | Special Interrogatories to Plaintiff- Set One | 3,5,6,7 |
| 203. | Plaintiff s Responses to Special Interrogatories - Set One | 3,5,6,7 |
| 204. | Plaintiffs Responses to Form Interrogatories- Employment - Set One | 3,5,6,7 |

| 205. | Plaintiffs Declaration in Opposition to CSDC's Motion for Summary Judgment | 3,5,6,7 |
|---|---|---|
| 206. | Dana Basney, CPA's Records/File | 3,5,6,7 |
| 207. | Dana Basney, CPA's Expert Report | 3,5,6,7 |
| 208. | Dana Basney, CPA's CV | 3,5,6,7 |
| 209. | Claudia Schwartz, Records/File | 3,5,6,7 |
| 210. | Claudia Schwartz, Expert Report | 3,5,6,7 |
| 211. | Claudia Schwartz, CV | 3,5,6,7 |
| 212. | Documents subpoenaed from University of San Diego | 2-7,9 (not previously produced) |
| 213. | Documents subpoenaed from Aetna Life Insurance Co. | 2-7,9 (not previously produced) |
| 214. | Documents subpoenaed from Employers Compensation Insurance Co. | 2-7,9 (not previously produced) |
| 215. | Documents subpoenaed from Golden Eagle Insurance Co. | 2-7,9 (not previously produced) |
| 216. | Documents subpoenaed from Human Affairs International Co. | 2-7,9 (not previously produced) |

07 CV 1733 BEN (RBB)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 217. | Documents subpoenaed from Human Behavior Associates, Inc. | 2-7,9 (not previously produced) |
| 218. | Documents subpoenaed from LINXX Security | 2-7,9 (not previously produced) |
| 219. | Documents subpoenaed from Stacey Hoyt | 2-7,9 (not previously produced) |
| 220. | Contracts between Plaintiff and County of San Diego | 2-7,9 (not previously produced) |
| 221. | Invoices/Payments from County of San Diego to Plaintiff | 2-7,9 (not previously produced) |
| 222. | Contracts between Plaintiff and City of San Diego | 2-7,9 (not previously produced) |
| 223. | Invoices/Payments from City of San Diego to Plaintiff | 2-7,9 (not previously produced) |
| 224. | Contracts between Plaintiff and State of California | 2-7,9 (not previously produced) |
| 225. | Invoices/Payments from State of California to Plaintiff | 2-7,9 (not previously produced) |
| 226. | Contracts between Plaintiff and City of Carlsbad | 2-7,9 (not previously produced) |

| 227. | Invoices/Payments from City of Carlsbad to Plaintiff | 2-7,9 (not previously produced) |
| 228. | Contracts between Plaintiff and San Diego Community College District | 2-7,9 (not previously produced) |
| 229. | Invoices/Payments from San Diego Community College District to Plaintiff | 2-7,9 (not previously produced) |
| 230. | Contracts between Plaintiff and Rancho Santa Fe Fire Protection District | 2-7,9 (not previously produced) |
| 231. | Invoices/Payments from Rancho Santa Fe Fire Protection District to Plaintiff | 2-7,9 (not previously produced) |
| 232. | Contracts between Plaintiff and North County Fire Protection District | 2-7,9 (not previously produced) |
| 233. | Invoices/Payments from North County Fire Protection District to Plaintiff | 2-7,9 (not previously produced) |

VIII

A list of witnesses expected to be called by plaintiff and defendant, except for impeachment, is as follows:

1.   Boyd Barger

2.   Dana Basney

3.   Dr. Diane Benneventi

4.   Dr. Andrew Berger

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.     Ellen Brennen

6.     Dr. Valerie Cherry

7.     Alice Cochran

8.     Kay Coker

9.     Manuel Colon-Perez

10.    Bob Cortez

11.    Jolyn DePriest

12.    Gine Dobey

13.    Richard Friedman

14.    Jai Ghorpade. Ph. D.

15.    Civia Gordon

16.    Tom Grayhouse

17.    Eugene Harris

18.    Hans Hartwig

19.    Dr. Edward Hernandez

20.    Charles Hoyt, III

21.    Darlene Hoyt, Ph.D

22.    Stacey Hoyt

23.    Charles Johnson

24.    Gene Konrad

25.    James Lackritz, Ph.D.

26.    John Lawson

27.    John McCreary

28.    Donna Mills, M.D.

29.    Carol Miller

30.    Errol Myrick

31.    Janet Negley

32.    Mark Pitzer

33.   Alan Reynolds

34.   Regina Rin

35.   Alan Roberts

36.   Robert Robinson, DDS

37.   Claudia Schuster

38.   Claudia Schwartz

39.   Joyce Seidman

40.   Patricia Smith

41.   Monika Spinks

42.   Jeff Stinson

43.   Lisa Talerico, Ph.D. (formerly Kurland)

44.   Eli Vasquez

45.   Richard West, M.A.

46.   Jon Woodruff

IX

The following issues of law, and no others, remain to be litigated upon the trial:

1.   Whether CSDC breached the Contract as to the second extension year;

2.   Wrongful termination in violation of public policy;

3.   Wrongful termination based on race discrimination;

4.   Whether Dr. Hoyt was an employee or an independent contractor;

5.   Whether the terms of Contract related to termination of the Contract are ambiguous;

6.   Whether Dr. Hoyt may maintain a claim for wrongful termination based on a relationship governed by contract.

7.   Whether Dr. Hoyt's alleged conduct is a legally protected activity sufficient to support liability for claim of wrongful termination in violation of public policy.

8.   Whether plaintiff failed to state a cause of action for some or all of her claims;

9.   Whether Dr. Hoyt alleged a cause of action for harassment.

-27-

1

2      10.    Whether plaintiff failed to exhaust her administrative remedies as required by law

3  and failed to comply with the statutory requirements regarding same;

4      11.    Whether some or all of Plaintiffs claims are barred by the applicable statutes of

5  limitation, including, but not limited to those provided in California *Government Code section*

6  *12940 et seq.*;

7      12.    Whether plaintiffs claims are barred by the doctrines of waiver, estoppel and

8  consent;

9      13.    Whether plaintiff's claims are barred by the doctrine of laches;

10     14.    Whether plaintiff's complaint is barred in whole or in part by the doctrine of

11  unclean hands;

12     15.    Whether the lawsuit is frivolous, unreasonable, or without foundation and, as a

13  result, Defendant is entitled to recover its costs and attorneys' fees from Plaintiff;

14     16.    Whether at all pertinent times, Defendant exercised reasonable are to prevent and

15  promptly correct any discrimination/harassment, and Plaintiff unreasonably failed either to take

16  advantage of preventive or corrective opportunities provided by Defendant or to otherwise avoid

17  harm.  To the extent Plaintiff alleges she availed herself of Defendant's reporting or complaint

18  procedures, any such report or complaint was promptly and adequately nvestigated and

19  appropriate remedial measures were taken, if applicable;

20     17.    Whether Plaintiff's complaint and/or causes of action are barred in that Plaintiff

21  may not rely on the terms of an implied contract that contradicts the terms of her written

22  employment contract;

23     18.    Whether to the extent liability is established, Defendant is entitled to an offset

24  against any award of back pay in an amount equal to any and all interim earnings by Plaintiff

25  from other employment and/or other sources and any and all additional sums that constitute

26  interim earnings that Plaintiff could have earned had she made reasonable efforts to mitigate her

27  damages;

28     19.    Whether any award of punitive damages as sought by Plaintiff would violate the

due process and excessive fine clauses of the *Fifth, Eighth,* and *Fourteenth Amendments* of the *United States Constitution,* as well as *§§ 7* and *17* of *Article 1* of the *Constitution of the State of California;*

20.     Whether by reason of the exclusive remedies provided by the California Workers' Compensation Act, this Court lacks jurisdiction over all or part of Plaintiff s claims, or lacks the Power to grant certain remedies which find her exclusive remedy under the Workers' Compensation Act, or both of these;

21.     Whether any after-acquired evidence of misconduct bars Plaintiff from any remedy or certain remedies;

22.     Whether the injuries or damages alleged by Plaintiff, if any, were the result of preexisting conditions that are unrelated to any conduct of Defendant;

23.     Whether any injuries or damages alleged by Plaintiff, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendant, and any action on the part of Defendant was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims to have suffered;

24.     Whether any injuries or damages alleged by Plaintiff, if any, were caused, in whole or in part, by the acts or omissions of others, for whose conduct Defendant is not responsible;

25.     Whether plaintiff's claims are barred by reason of the fact that Plaintiff has engaged in acts and courses of conduct which rendered Plaintiff *in pari delicto;*

X

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

XI

This case shall be tried by jury.

///

1

XII

2       The trial of this case shall be bifurcated exclusively as to the issue of punitive damages.

3   In relation to that matter, the issue of whether there was malice, oppression or fraud by clear and

4   convincing evidence.

5

XIII

6       Time estimated for presenting evidence at trial is 10-12 days.

7

8   Dated:  August __, 2009

                                        _____
9                                       United States District Judge

10  APPROVED AS TO FORM AND CONTENT:

                                        H. Paul Kondrick,
11                                      A Professional Corporation:

12

13  Dated:  August 3, 2009              By:   /s/ H. Paul Kondrick_____
                                        H. Paul Kondrick
14                                      Attorney for Plaintiff,
                                        DARLENE HOYT
15
                                        Andrews Lagasse Branch & Bell, LLP:
16

17

18  Dated:  August 3, 2009              By:  /s/ Jonathan D. Andrews____
                                        Jonathan D. Andrews
19                                      Shauna L. Durant
                                        Attorneys for Defendant,
20                                      CAREER SYSTEMS DEVELOPMENT
                                        CORPORATION

21

22

23

24

25

26

27

28

-30-                                 07 CV 1733 BEN (RBB)