FILED

09 OCT 20 PM 2:32

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _Cel_              DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE HOYT, ) | Case No. 07 CV 1733 BEN (RBB) |
|       Plaintiff, ) | **PRETRIAL CONFERENCE ORDER** |
| v. ) | Final Pretrial Conference:   October 19, 2009 |
| ) | Time:                      10:30 a.m. |
| CAREER SYSTEMS DEVELOPMENT, ) | Courtroom:            3 |
| ) | Judge:         Hon. Roger T. Benitez |
|       Defendants. ) | |
| ) | Complaint Filed:      August 31, 2007 |

Following pretrial proceedings pursuant to *Federal Rules of Civil Procedure, Rule 16* and Civil Local Rule 16.1.f.6, IT IS ORDERED:

### I - THIS ACTION

This is an action for:

A.    **Nature of Action:**

In this action, the plaintiff, Dr. Darlene Hoyt ["Plaintiff"], a licensed California psychologist, seeks to recover money damages from defendant, Career Systems Development Corporation ["Defendant"]. Defendant operates the San Diego Job Corps Center located in Imperial Beach. Plaintiff alleges that Defendant breached its contract with her by terminating her services as a Mental Health Consultant at the San Diego Job Corps Center. She also claims that the termination violated public policy.

Defendant denies that it breached its contract with Plaintiff. Defendant contends that it terminated Plaintiff's contract in accordance with the provisions of the contract, and denies that it violated California public policy. Defendant further claims that Plaintiff was not damaged

1    because of its actions.

2         B.    **The Parties:**

3         1.    Plaintiff:       Darlene Hoyt, Ph.D.;

4         2.    Defendant:    Career Systems Development Corporation

5         C.    **The Pleadings Which Raise the Issues:**

6         1.    Plaintiff's Second Amended Complaint filed in the Superior Court of the State of

7    California, San Diego County, on August 21, 2007 for: (1) Breach of Contract; (2) Wrongful

8    Termination based on race discrimination [*Cal. Govt. Code § 12940*]; and (3) Wrongful

9    Termination in Violation of Public Policy.  The other causes of action or claims for relief set

10   forth in the Second Amended Complaint were dismissed by summary judgment order by this

11   Court; and

12        2.    Defendant's Answer to Plaintiff's Second Amended Complaint, filed in the

13   Superior Court of the State of California, San Diego County, on August 31, 2007.

**II - JURISDICTION**

15        Federal jurisdiction and venue are invoked upon the ground that diversity of citizenship

16   exists in that Defendant's alleged principal place of business is Rochester, New York.

17   Defendant removed the matter from the San Diego Superior Court pursuant to *28 U.S.C. §*

18   *1332(c)(1)*.  Venue is based on *28 U.S.C. §1391*, namely that the action had been pending in the

19   San Diego County Superior Court.

**III - FACTS ADMITTED AND REQUIRING NO PROOF**

21        The following facts are admitted and require no proof:

22        1.    Plaintiff is a licensed California psychologist;

23        2.    Plaintiff provided mental health services to Center trainees/students at the Center

24   from 1987 until early-2007;

25        3.    In 2003, Plaintiff signed a contract entitled "PROPOSAL FOR MENTAL

26   HEALTH SERVICES FOR SAN DIEGO JOB CORPS CENTER AND CAREER SYSTEMS

27   DEVELOPMENT CORPORATION" effective October 1, 2003 [hereinafter the "Contract"]; and

28

-2-

4.     Plaintiff is Caucasian.

## IV - RESERVATIONS TO FACTS

The reservations as to the facts recited in paragraph III above are as follows:

None.

## V- FACTS NOT TO BE CONTESTED AT TRIAL

The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary:

1.     From 1987 through early-2007, Plaintiff provided mental health services as a licensed psychologist to the San Diego Job Corps located in Imperial Beach, California [hereinafter sometimes referred to as the "Center"];

2.     January 26, 2007 was Plaintiff's final day at San Diego Job Corps Center;

3.     Defendant, CSDC, did not cancel Plaintiff's contract due to performance issues;

4.     CSDC is an independent, privately held company that contracts with the United States Department of Labor to operate the San Diego Job Corp Center. The Center is part of the federally funded Job Corps system under the U.S. Department of Labor, Employment and Training Administration, Office of Job Corps. Job Corps is a no-cost education and vocationaltraining program that helps young people ages 16 to 24 get a better job, make more money, and take control of their lives;

5.     Defendant's purpose in contracting with the Department of Labor is to provide vocational training programs for disadvantaged youth; and

6.     Plaintiff provided consultation to the Center staff, counselors, and instructors concerning ongoing mental health problems of Center trainees.

## VI - ISSUES OF FACT TO BE LITIGATED

The following issues of fact, and no others, remain to be litigated upon the trial:

1.     Whether Defendant breached its contractual obligation to Plaintiff with respect to the termination of the Contract as to the second extension year;

2.     Whether Plaintiff was an employee of Defendant or an independent contractor;

3.     If Plaintiff is an employee of Defendant, whether Defendant wrongfully

_ _ _ _ _ _ /08/09

1  terminated Plaintiff's employment in violation of public policy;

2      4.    If Plaintiff is an employee of Defendant, whether Plaintiff engaged in a protected

3  activity in furtherance of a substantial, actionable public policy;

4      5.    If Plaintiff is an employee of Defendant, whether Plaintiff's alleged protected

5  activity was a motivating factor in Defendant's termination of her contract;

6      6.    If Plaintiff is an employee of Defendant, whether Plaintiff's race (Caucasian) was

7  a motivating factor in Defendant's termination of her contract;

8      7.    Whether Plaintiff suffered monetary damage as a result of alleged wrongful

9  conduct by Defendant;

10     8.    Whether Plaintiff mitigated any monetary damage caused by Defendant's alleged

11  wrongful conduct;

12     9.    If Plaintiff is an employee of Defendant, whether Plaintiff suffered emotional

13  distress damage as a result of Plaintiff's termination [wrongful terminations claims only]; and

14     10.   If Plaintiff is an employee of Defendant, whether an officer, director or managing

15  agent of Defendant engaged in the alleged wrongful conduct with malice, oppression or fraud.

16                          **VII - EXHIBITS**

17     Defendant contends that a vast number of the identified exhibits relate to conduct upon

18  which Plaintiff bases her wrongful termination in violation of public policy claim.  Defendant

19  argues that much of the conduct that forms the basis for Plaintiff's claim does not invoke a public

20  policy sufficient to support a claim for wrongful termination.  Whether the policy upon which a

21  wrongful termination claim is based is sufficiently fundamental, well-established and tethered to

22  a statutory or constitutional provision to support liability is a legal question that must be decided

23  by the Court. (*Carter v. Escondido Union High School Dist.,* 148 Cal. App.4th 922, 929 (2007).)

24  Since a legal determination of this issue could eradicate the need for a significant number of

25  exhibits and narrow the issues at trial, Defendant believes this issue should be decided by the

26  Court before the jury is impaneled, whether through a motion *in limine* or other written motion.

27     Plaintiff rejects and opposes Defendant's aforementioned contentions.  For instance,

28  Plaintiff submits that the Court previously determined that conduct that forms the basis for

1  Plaintiff's claim invoke a public policy sufficient to support a claim for wrongful termination.

2  Accordingly, she opposes, and will oppose, such motion(s) proposed by Defendant.

3    The exhibits to be offered at the trial, other than those to be used for impeachment,

4  together with a statement of admissibility between the parties with respect thereto, are as follows:

| Number | Marked Description | Legal Grounds for Objection[1] |
|---|---|---|
| 1 | "Sub-Contract for Mental Health Services" with defendant,CSDC, effective May 1, 1990. | 3, 7 otherwise 1 |
| 2 | Copy of a document entitled "VI. Health and Wellness and Mental Health, Page 24." and January 14-16, 2003 Region 6 San Francisco Health & Wellness Specific Program Component Rating | 3, 7 otherwise 1 |
| 3 | Region 6 San Francisco Health & Wellness- Specific Program Component Rating dated January 14-16, 2003 | 3, 7 otherwise 1 |
| 4 | Mental Health and Wellness Program Guidelines, March 2003 | 3, 7 otherwise 1 |
| 5 | Ethical Principles PSYCHOLOGIST and Code of Conduct (APA) effective June 1, 2003 ( pages 3, 12 &13) | 3, 4, 6, 7 |
| 6 | Minimum Staffing Requirements by Center Size (June to 2003) | 3, 7 otherwise 1 |
| 7 | Interoffice Memorandum dated June 24, 2003 to Cres Ebarle from Aladin Rodrigues | 2, 3, 7 |
| 8 | Letter from Boyd Barger to Jacqueline Roberts, dated 10-1-03 | 3, 7 otherwise 1 |
| 9 | Proposal for Mental Health Services for San Diego Job Corps Center and Career Systems Development Corporation | 1 |
| 10 | CSDC  Notice describing how medical information may be used and disclosed (HIPPA) with March 2004 health information excerpts | 3, 7 otherwise 1 |
| 11 | Association of Black Psychologist-membership list (2004 -2005) | 3, 4, 7 |

---

[1] **Legend of Grounds for Objection:**
1.  No objection; admissibility stipulated to, based on authentication
2.  Subject to motion in limine
3.  Relevancy, Insufficient foundation,personal knowledge, authenticity, identity
4.  Hearsay
5.  Best evidence
6.  Inadmissible opinion
7.  Unduly time consuming, prejudicial, confusing or misleading
8.  Subsequent repair
9.  Other (To be further specified)

07 CV 1733 BEN (RBB)

Document 83   Filed 10/08/09

| | | |
|---|---|---|
| 12 | Document entitled "Regional Consultant Trip Report" dated January 21, 2005 (January 10 - 14, 2005 visit date) and 1-page list of concerns and recommendations | 3, 4,7 otherwise 1 |
| 13 | Copy of a document entitled "Regional Office Center Assessment," dated March 7, 2005 | 3, 7 otherwise 1 |
| 14 | Regional Office Center Assessment ("ROCA") - San Diego Job Corps Center (March 7, 2005), including Priestley-Perry transmittal letter dated for March 7, 2005 and Section VI relative to Health & Wellness and Mental Health [January 10 - 14, 2005] | 3, 7 otherwise 1 |
| 15 | Letter from Hartwig to Plaintiff, dated January 25, 2005 (CSDC 0019) | 1 |
| 16 | 26 September 2005 letter to Eugene Harris from Dr. Hoyt | 1 |
| 17 | Letter from Eugene Harris to Dr. Hoyt, dated 9-26-05 | 1 |
| 18 | Handwritten notes dated September 27, 2005; two pages | Duplicative |
| 19 | San Diego Job Corps Center Executive Order Plan, page CSDC1546 | Duplicative |
| 20 | Chart with first line reading "Service Workers" | Duplicative |
| 21 | San Diego Job Corps Center Executive Order Plan, page CSDC1546 and handwritten calculations | Duplicative |
| 22 | Chart with first line reading "Service Workers" and handwritten calculations | Duplicative |
| 23 | San Diego Job Corps Center - Affirmative Action Program (2004 - 2005) | 2, 3, 7 otherwise 1 |
| 24 | Handwritten notes dated October 11, 2005; one page | Duplicative |
| 25 | Handwritten notes dated October 25, 2005; two pages | Duplicative |
| 26 | Copy of document of Dr. Hoyt's hours outside of the contract, dated October 2005 | Duplicative |
| 27 | Dr. Hoyt handwritten note dated December 2005 | Duplicative |
| 28 | Dr. Hoyt handwritten ledger (September-December 27, 2005) | Duplicative |
| 29 | March 24, 2006, U.S. Department of Labor announcement of hiring Esther R. Johnson, as the "new director of the Office of Job Corps," including Ms. Johnson's biography and photograph | 3, 4, 6, 7 |
| 30 | Memorandum by Spinks dated March 29, 2006 (CSDC 0041) | 1 |
| 31 | E-mail string (first dated April 12, 2006 from Tom MacCabe to Monika Spinks) | 1 |
| 32 | Emails between Spinks and Jones dated April 14/16, 2006 (CSDC 0133) | 1 |
| 33 | "Memo for the record" dated April 21, 2006 (Production No. 14) | 2, 3, 4, 6,7 |

| 34 | Significant Incident Report dated 4-24-06 | 3, 7 otherwise 1 |
| 35 | Spinks memorandum for the record dated April 24, 2006 (CSDC0042) | 1 |
| 36 | Dr. Hoyt-Spinks e-mail dated April 24 and 26, 2006  relative to mental health statistics | 1 |
| 37 | Emails between Plaintiff and Spinks, dated April 24/26, 2006 (CSDC 0045) | 1 |
| 38 | SDJC IDT Minutes dated April 28, 2006 | 1 |
| 39 | San Diego Job Corps Mental Health Department statistics-January through April 28, 2006 (CSDC0055-0056) | 1 |
| 40 | Emails between Plaintiff and Spinks, dated April 24/26/28,2006 (CSDC 0104) | 2, 3, 4, 7 otherwise 1 |
| 41 | Memo for the Record dated April 17, 2006 and May 5, 2006 (Production No. 17) | 2, 3, 4, 7 |
| 42 | Spinks memo  relative to e-mail from Dr. Hoyt dated April 28 and May 5, 2006 | 1 |
| 43 | Hoyt-Spinks e-mail dated May 5, 2006 | 2, 3, 7. otherwise 1 |
| 44 | E-mails dated May 3 & 5, 2006 | 3, 6 |
| 45 | Emails between Plaintiff and Spinks dated May 3/5, 2006 (CSDC 0044) | 1 |
| 46 | Emails between Plaintiff and Spinks, dated May 3/5, 2006 (CSDC 0130) | 1 |
| 47 | Personal Authorization for Center Nursing Staff  relative to Monika Spinks dated May 5, 2006 | 3, 4, 7 |
| 48 | E-mail from Darlene Hoyt to Monika Spinks, dated 5-8-06 (CSDC0048) | 1 |
| 49 | E-mail from Darlene Hoyt to Monika Spinks, dated 5-8-06 (CSDC 0106) | 1 |
| 50 | Copy of an e-mail to Dr. Hoyt and Mr. Harris from Ms. Spinks, dated May 8, 2006 (CSDC0129) | 1 |
| 51 | Memorandmn by Spinks re Email from Plaintiff on May 8, 2006 (CSDC 0047) | 1 |
| 52 | E-mail string (first dated May 15, 2006 from Elizabeth Hessom to Darlene Hoyt) | 2, 3, 7 otherwise 1 |
| 53 | One-page Sub-Contractural Agreement SDJCC 2003-01(MHC) faxed 5/17/06 | Duplicative |

07 CV 1733 BEN (RBB)

| 54 | E-mail from Dr. Hoyt to Hans Hartwig, dated 5-23-06 (CSDC0136) | 1 |
| 55 | E-mail from Dr. Hoyt to Hans Hartwig, dated 5-25-06 (CSDC014) | 1 |
| 56 | Copy of a letter to Mr. Harris from Ms. Spinks, dated May 26, 2006 (CSDC0035) | 1 |
| 57 | 26 May 2006 letter to Dr. Hoyt from Monika Spinks | 1 |
| 58 | TEAP  Special Monthly report dated May 31, 2006 (CSDC0125-0127) | 3, 7 otherwise 1 |
| 59 | Health and Wellness Monthly Report dated May 2006 | 3, 6 |
| 60 | June 02, 2006 e-mail to Hans Hartwig from Dr. Hoyt | 1 |
| 61 | Letter dated June 5, 2005 from Darlene Hoyt to Eugene Harris | 1 |
| 62 | Spinks memorandum for the record dated June 7, 2006 relative to Ali Cochran (CSDC0052) | 3, 7 otherwise 1 |
| 63 | June 7, 2006 letter to Dr. Hoyt from Monika Spinks | 3, 6 |
| 64 | Letter dated June 7, 2006 from Monika Spinks to Darlene Hoyt (Dr. Hoyt's Professional Psychologists Liability Insurance Information attached) | 1 [Improper Grouping of Different Documents - Duplicative |
| 65 | June 07, 2006 e-mail from Dr. Hoyt to Monika Spinks | 1 |
| 66 | Emails between Plaintiff and Spinks dated June 7, 2006 (CSDC 0146-147) | 3, 6 |
| 67 | CSDC  Held Care  Guidelines [CSDC0167-259], including Dr. Hoyt's  written acknowledgment of review of "treatment guidelines ... symptomatic management guidelines ... and personal authorizations for health staff," etc. | 3, 7 otherwise 1 |
| 68 | Spinks -Finance Office memo dated June 28, 2006  relative to "increase in hours for Dr. Donna Mills" | 3, 7 otherwise 1 |
| 69 | E-mail from Darlene Hoyt to Julie France, dated 7-26-06 (CSDC0110) | 3, 7 otherwise 1 |
| 70 | Letter dated July 31, 2006 from Darlene Hoyt to Eugene Harris | 1 |
| 71 | Health and Wellness Department Annual Program Update Program Goals, August 2006 (CSDC0260-0275) | 1 |
| 72 | Memo to Eugene Harris, Elias Vasquez, Hans Hartwig from Monika Spinks, dated 8-7-06 (CSDC0150-0151) | 1 |
| 73 | August 7, 2006 letter to Dr. Hoyt from Monika | 1 |
| 74 | Donna M. Mills, M.D. invoice for her month of August 2006 | 3, 7 otherwise 1 |

| | | |
|---|---|---|
| 75 | Spinks memorandum for the record  dated September 1, 2006 pertaining to Nicholas Duckworth (CSDC0053) | 2, 3, 7 otherwise 1 |
| 76 | Memo to Scott Makin from Gine Dobey, dated 9-15-06 (CSDC0477-0478) | 1 |
| 77 | Memo from Scott Makin to Harris, Hartwig and Dobey, dated 9-26-06 (CSDC 0479-0480) | 1 |
| 78 | 26 September 2006 letter to Dr. Hoyt from Eugene Harris | 1 |
| 79 | Summary of paid invoices by Darlene Hoyt Bates CSDC 0400-0402 | 3, 6 |
| 80 | San Diego Job Corps Center - Affirmative Action Program (2005 - 2006) | 2, 3, 7 otherwise 1 |
| 81 | 11 October 2006 letter to Dr. Hoyt from Monika Spinks | 3, 7 otherwise 1 |
| 82 | San Diego Job Corps Center- Standard Operating Procedure Approved 11/01/06 (CSDC0482-0483) | 3, 7 otherwise 1 |
| 83 | Memorandum for the Record to Hans Hartwig, Eugene Harris, Darlene Hoyt from Monika Spinks dated 11/3/2006 re: Frederick Rumsey Bates (CSDC 0152) | 1 |
| 84 | Letter from Spinks to Plaintiff dated November 6, 2006 (CSDC 0154) | 1 |
| 85 | Dr. Hoyt memo for the record dated November 10, 2006 relative to incident regarding  Frederick Rumsey (CSDC0155-0157) | 3, 4, 6, 7 |
| 86 | Email between Plaintiff and Spinks dated November 13, 2006 (CSDC 00158) | 3, 7 otherwise 1 |
| 87 | Letter from Harris to Daher dated November 15, 2006, received November 27, 2006 (CSDC 0478) | 1 |
| 88 | Email from Hoyt to Spinks dated November 27, 2006 (CSDC 0111) | 3, 6, 7 |
| 89 | Document entitled "Memo to the Record" | 2, 3, 4, 6, 7 |
| 90 | November 28, 2006 letter to Dr. Hoyt from Eugene Harris | 1 |
| 91 | Copy of Alice Cochran's letter dated November 28, 2006 | 2, 3, 4, 7 |
| 92 | Transcription of meeting [Hartwig-Harris - Hoyt] November 29, 2006 | 4, 5,6 |
| 93 | E-mail dated November 29, 2006 from docdar3@aol.com | 1 |
| 94 | December 01, 2006 e-mail to Dr.   Hoyt from Monika Spinks | 3, 7 otherwise 1 |
| 95 | Copy of an e-mail from Karen Meyer to Alice Cochran | 2, 3, 7 |

| 96 | E-mail dated December 2, 2006 from Monika Spinks to Darlene Hoyt, Alice Cochran, Karen Meyer, and Kay Coker; cc'd to Hans Hartwig, Eugene Harris, and Ralph McCoy | 1 |
|---|---|---|
| 97 | State of California,  Department of Consumer Affairs,  Board of Psychology, County statistics  (December 3, 2006) | 2, 3, 4, 6, 7 |
| 98 | Invoice for November 2006 from Darlene Hoyt | Duplicative |
| 99 | December 4, 2006 letter to Eugene Harris from Dr. Hoyt | 1 |
| 100 | FedEx US Airbill from Darlene Hoyt to Greg Burden + Hoyt-Burden letter dated December 4, 2006 | 2, 3, 4, 6, 7 |
| 101 | Dr. Hoyt- Brian Dahler (U.S. Department of Labor) letter dated December 4, 2006 | 2, 3, 4, 6, 7 |
| 102 | Dr. Hoyt- Esther Johnson (U.S. Department of Labor) letter dated December 4, 2006 | 2, 3, 4, 6, 7 |
| 103 | CSDC  Health Consultant Trip Report Dated December 5, 2006 | 2, 3, 4, 7 otherwise 1 |
| 104 | Purchase Request  dated December 6, 2006  relative to Richard West "outside of contract services" | 3, 7 otherwise 1 |
| 105 | Email between Plaintiff and Dobey dated December 8, 2006 | 1 |
| 106 | Facsimile Transmittal Sheet from Plaintiff to CSDC dated December 12, 2006 (CSDC 0062) | 1 |
| 107 | Email from Spinks to Plaintiff dated December 13, 2006 (CSDC 0023-24) | 3, 7 otherwise 1 |
| 108 | Email between Plaintiff and Spinks dated December 14/18,2006 (CSDC 0073-74) | 3, 7 otherwise 1 |
| 109 | Hoyt-Spinks e-mail dated December 18, 2006 | 3, 7 otherwise 1 |
| 110 | Copy of an e-mail to Dr. Berger from Ms. Spinks, dated December 18, 2006 (CSDC0076) | Duplicative |
| 111 | Dr. Robert Robinson, DDS, staffing charges Wood.  2004 -- 2006 (CSDC0368-0369 and (CSDC0407-0425) | 2, 3, 7 |
| 112 | Job Announcement dated December 22, 2006 | 1 |
| 113 | San Diego Job Corps notice of mandatory staff training (December 22, 2006) | 3, 7 otherwise 1 |
| 114 | Copy of Employment Advertisement | 3, 7 otherwise 1 |
| 115 | San Diego  Union-Tribune classified ad dated December 24, 2006 | Duplicative |
| 116 | Dr. Hoyt resume and fax transmittal cover dated December 27, 2006 | 5 |

| | | | |
|---|---|---|---|
| 117 | All invoices for monthly services submitted by Dr. Hoyt during the period 2004 - 2007, including invoices, approvals by CSDC, and "hours outside Job Corps Contract" (CSDC 0283-0367; CSDC 0390-0396) | 1 |
| 117A | Summary of Plaintiff's Invoices October 2003- September 2006 (CSDC 0400-401) | 3, 6 |
| 117B | Adding Tape Calculations for Full-Time MHC (CSDC 0402) | 3, 6 |
| 118 | Financial Management Systems Monthly Center Staff Vacancy and Separation Report for Month Ending 12/31/06 (CSDC0476) | 3, 4, 7 otherwise 1 |
| 119 | Billing Worksheet for Civia B. Gordon, LCSW, for Darlene Hoyt for visits in 2005 and 2006 | Duplicative |
| 120 | Handwritten notes dated December 2006; two pages | Duplicative |
| 121 | Email from Spinks to Plaintiff dated January 3, 2007 | 1 |
| 122 | Email between Spinks and Plaintiff's assistant dated January 3, 2007 (CSDC 0003) | 1 |
| 123 | Email between Spinks and Berger dated January 3/5, 2007 (CSDC 0004-5) | 3, 7 otherwise 1 |
| 124 | Memo to Mr. Hartwig from Ms. Spinks, dated January 4, 2007 (CSDC0119-0120) | 3, 7 otherwise 1 |
| 125 | Email between Plaintiff and Spinks dated January 4, 2007 (CSDC 0079-80) | 3, 7 otherwise 1 |
| 126 | CSD Core Value Employment Application dated January 8, 2007 | 1 |
| 127 | Plaintiff's EED Data Sheet, dated January 8, 2007 | 3, 7 otherwise 1 |
| 128 | "Relevant Statistics" (Active Student Roster January 17, 2007) | 2, 3, 4, 6, 7 |
| 129 | Dr. Hoyt DFEH Complaint of Discrimination and Right to Sue letter dated January 21, 2007 | 1 |
| 130 | Copy of an e-mail to Dr. Hoyt from Ms. Spinks, dated January 31, 2007 | 3, 7 otherwise 1 |
| 131 | Dr. Charlie Johnson, M.D. invoices for the period 2006, semimonthly and otherwise (signed off by M. Spinks on February 1, 2007) (CSDC0370-0380 and CSDC0426-0449) | 2, 3, 7 |
| 132 | Various student/patient records subject to confidentiality and for foundational purposes only (CSDC0050; CSDC0137-0139 and CSDC0397-0399) | 2, 3, 4, 6, 7 |
| 133 | Dr. Hoyt Log of Time Seeking Replacement Income as of April 6, 2007 | 3, 7 |
| 134 | Letter dated June 12, 2007 from Darlene Hoyt To Whom it May Concern + attached resume | 1 |

| | | | |
|---|---|---|---|
| 135 | San Diego Job Corps Center - Affirmative Action Program (2006 - 2007) (CSDC1762-1873) | 2, 3, 7 otherwise 1 | |
| 136 | 11/13/07 CSD Position Description, 3 Pages (CSDC387-389) | 3, 7 otherwise 1 | |
| 137 | Plaintiff's First Set of Requests for Production of Documents (11 pages) (served April 16, 2008) | 3, 7 otherwise 1 | |
| 138 | Defendant Career Systems Development Corporation's Responses to Plaintiff's Request for Production of Documents (Set One) (30 pages) | 3, 7 otherwise 1 | |
| 139 | Defendant Career Systems Development Corporation's Amended Responses to Plaintiff's Request for Production of Documents (Set One)  (6 pages) | 3, 7 otherwise 1 | |
| 140 | 5/1/08 SD Job Corps Mental Health Consultant Position Description, 3 Pages (CSDC0465-0467) | 3, 7 otherwise 1 | |
| 141 | Plaintiff's Demand for Production of Documents, Set Two (8 pages) (Served June 5, 2008) | 3, 7 otherwise 1 | |
| 142 | Defendant Career Systems Development Corporation's Responses to Plaintiff's Request for Production of Documents - Set Two (11 pages) | 3, 7 otherwise 1 | |
| 143 | Defendant Career Systems Development Corporation's Interrogatories, Set One; four pages | 3, 4, 5, 6, 7 | |
| 144 | Plaintiff's Responses to Interrogatories, Set One; 11 pages | 3, 4, 5, 6, 7 | |
| 145 | San Diego Job Corps Center - Affirmative Action Program (2007-2008) (CSDC1874-1996) | 2, 3, 7 otherwise 1 | |
| 146 | Page from the Owl Companies' Web site dealing with Education and Training printed October 6, 2008 | 3, 7 otherwise 1 | |
| 147 | Plaintiff's Third Request for Production of Documents by Defendant, Career Systems Development (15 pages) (Served October 6, 2008) | 2, 3, 5, 6, 7 | |
| 148 | Defendant's Career Systems Development's Responses to Plaintiff Darlene Hoyt's Request for Production of Documents - Set Three (30 pages) | 2, 3, 5, 6, 7 | |
| 149 | Letter dated 10/14/2008 to Paul Kondrick from Shauna Durrant with supplement to CSDC's document production (6 pages) | 3, 7 otherwise 1 | |
| 150 | CSDC (Owl Companies) descriptive materials printed November 10, 2008 (CSDC1526-1528) | 3, 7 otherwise 1 | |
| 151 | Amended Notice of Taking Deposition Of Persons to be Designated by Defendant, Career Systems Development dated November 25, 2008 | 2, 3, 5, 6, 7 | |
| 152 | Defendant's Response to Plaintiff's Amended Notice of Deposition of Persons Most Knowledgeable (4 pages) | 2, 3, 5, 6, 7 | |

| | | | |
|---|---|---|---|
| 153 | Letter dated 12/11/2008 to Paul Kondrick from Shauna Durrant (7 pages) | 3, 7 otherwise 1 |
| 154 | Third Amended Notice of Taking Deposition of Persons to be Designated by Defendant, Career Systems Development dated March 16, 2009 (2 pages) | 2, 3, 5, 6, 7 |
| 155 | Fourth Amended Notice of Taking Deposition of Persons to be Designated by Defendant, Career Systems Development dated March 30, 2009 ( 2 pages) | 2, 3, 5, 6, 7 |
| 156 | San Diego Job Corps Center - Affirmative Action Program (2008 - 2009) (CSDC1997-2117) | 2, 3, 7 otherwise 1 |
| 157 | Handwritten note to Monika from Dr. Hoyt pertaining to interns separating | 1 |
| 158 | Memo for the Record | 2, 3, 5, 6 |
| 159 | Picture of hole in wall framed, Production No. 174 | 2, 3, 7 |
| 160 | Document entitled "Health and Wellness Manager Orientation" | 3, 7 otherwise 1 |
| 161 | Document entitled "Position Description Middle Management, Office Clerical and Administrative" | 2, 3, 6 |
| 162 | Document entitled "Corrections on Deposition" | 2, 3, 6, 7 |
| 163 | Document entitled "Hours outside Job Corps Contract" | Duplicative |
| 164 | Copy of Envelope addressed to Darlene Hoyt | 3, 7 |
| 165 | EEOC Disabilities and Harassment Policy and Procedure Career Systems Development Corporation | 1 |
| 166 | Organizational Chart (CSDC0281) | 1 |
| 167 | Organizational Chart (CSDC0282) | 1 |
| 168 | Transmittal to Carol Howe from Gine Dobey, dated 2-15 (CSDC0481) | 3, 7 otherwise 1 |
| 169 | CSDC equal employment opportunity Policy statement (2 pages) (CSDC0471-0472) | 3, 6 |
| 170 | CSDC "Rules and Regulations" (CSDC0455) | 3, 7 otherwise 1 |
| 171 | U.S. Department of Labor - Policy and Requirements Handbook ["PRH"] (CSDC0523-1525) | 2, 3, 7 otherwise 1 |
| 172 | CSDC  orientation checklist (CSDC0468-0469) | 3, 7 otherwise 1 |
| 173 | Board of Registered Nursing (explanation of RN scope of practice and nurse practitioner practice) | 2, 3, 4, 6, 7 |
| 174 | Preference for African-American hires summary (3 pages) | 2, 3, 4, 6, 7 |

07 CV 1733 BEN (RBB)

| 175 | San Diego  Job Corps Key Positions (2 pages) | 2, 3, 4, 6, 7 |
| 176 | Technical Assistance Guide ["TAG"] Relative to evaluation of applicant folders and disability accommodations | 3, 4, 5, 7 |
| 177 | Mental Health Program in the Job Corps | 3, 7 otherwise 1 |
| 178 | Expert Witness Working Papers and Reports (Konrad) | 2, 3, 5, 6, 7 |
| 179 | Expert Witness Working Papers and Reports (Ghorpade) | 2, 3, 5, 6, 7 |
| 180 | Expert Witness Working Papers and Reports (Lackritz) | 2, 3, 5, 6, 7 |
| 181 | Plaintiff s Psychologists Professional Liability Policy (CSDC 0060) | 1 |
| 182 | Notes from Plaintiff re Mental Health Work Schedule (CSDC 0020-21) | 3, 4, 7 |
| 183 | Email from Plaintiff to Dobey dated January 10, 2007 (CSDC 0006) | 1 |
| 184 | Monthly Report Submitted by Mental Health May 2006 (CSDC 0124) | 3, 7 otherwise 1 |
| 185 | Authorization for Use and Disclosure of Your Health Information (CSDC 0484-489) | 3, 6 |
| 186 | HIPPA Notice (CSDC 0491-497) | 3, 6 |
| 187 | Mental Health and Wellness Program | 3, 6 |
| 188 | Withdrawn | |
| 189 | Plaintiff's Invoices to CSDC in 2005 | 3, 6 |
| 190 | Plaintiff's Invoices to CSDC in 2006 | 3, 6 |
| 191 | Plaintiffs Bank Statements 2005 | 2, 3, 5-7, Privacy |
| 192 | Plaintiffs Bank Statements 2006 | 2, 3, 5-7, Privacy |
| 193 | Plaintiffs Bank Statements 2007 | 2, 3, 5-7, Privacy |
| 194 | Plaintiffs Bank Statements 2008 | 2, 3, 5-7, Privacy |
| 195 | Plaintiff s Bank Statements 2009 | 2, 3, 5-7, Privacy |
| 196 | Plaintiffs 1099 Tax Forms | 2, 3, 5-7, Privacy |
| 197 | Plaintiff's Tax Returns | 2, 3, 5-7, Privacy |

| | | | |
|---|---|---|---|
| 198 | Documents subpoenaed from Patricia Smith | 2, 3, 5-7, Privacy |
| 199 | Plaintiffs incorporation documents | 2, 3, 5-7 |
| 200 | Plaintiff s premium summary for insurance, effective July 1, 2006 | 3, 5, 6, 7 |
| 201 | Plaintiffs medical records from Dr. Richard Friedman | 2, 3, 5, 6, 7, 9 Privacy |
| 202 | Special Interrogatories to Plaintiff- Set One | 2, 3, 6, 7 |
| 203 | Plaintiff s Responses to Special Interrogatories - Set One | 2, 3, 6, 7 |
| 204 | Plaintiffs Responses to Form Interrogatories- Employment - Set One | 2, 3, 6, 7 |
| 205 | Plaintiffs Declaration in Opposition to CSDC's Motion for Summary Judgment | 2, 3, 5, 6, 7 |
| 206 | Dana Basney, CPA's Records/File, CV & Expert Report | 2, 3, 5, 6 |
| 207 | Intentionally Blank | |
| 208 | Intentionally Blank | |
| 209 | Claudia Schwartz, Records/File, CV & Expert Report | 2, 3, 5, 6 |
| 210 | Intentionally Blank | |
| 211 | Intentionally Blank | |
| 212 | Documents subpoenaed from University of San Diego | 2-7, 9 (not previously produced) |
| 213 | Documents subpoenaed from Aetna Life Insurance Co. | 2-7, 9 (not previously produced) |
| 214 | Documents subpoenaed from Employers Compensation Insurance Co. | 2-7, 9 (not previously produced) |
| 215 | Documents subpoenaed from Golden Eagle Insurance Co. | 2-7, 9 (not previously produced) |
| 216 | Documents subpoenaed from Human Affairs International Co. | 2-7, 9 (not previously produced) |
| 217 | Documents subpoenaed from Human Behavior Associates, Inc. | 2-7, 9 (not previously produced) |
| 218 | Documents subpoenaed from LINXX Security | 2-7, 9 (not previously produced) |

| | | |
|---|---|---|
| 219 | Documents subpoenaed from Stacey Hoyt | 2-7, 9 (not previously produced) |
| 220 | Contracts between Plaintiff and County of San Diego | 2-7, 9 (not previously produced) |
| 221 | Invoices/Payments from County of San Diego to Plaintiff | 2-7, 9 (not previously produced) |
| 222 | Contracts between Plaintiff and City of San Diego | 2-7, 9 (not previously produced) |
| 223 | Invoices/Payments from City of San Diego to Plaintiff | 2-7, 9 (not previously produced) |
| 224 | Contracts between Plaintiff and State of California | 2-7, 9 (not previously produced) |
| 225 | Invoices/Payments from State of California to Plaintiff | 2-7, 9 (not previously produced) |
| 226 | Contracts between Plaintiff and City of Carlsbad | 2-7, 9 (not previously produced) |
| 227 | Invoices/Payments from City of Carlsbad to Plaintiff | 2-7, 9 (not previously produced) |
| 228 | Contracts between Plaintiff and San Diego Community College District | 2-7, 9 (not previously produced) |
| 229 | Invoices/Payments from San Diego Community College District to Plaintiff | 2-7, 9 (not previously produced) |
| 230 | Contracts between Plaintiff and Rancho Santa Fe Fire Protection District | 2-7, 9 (not previously produced) |
| 231 | Invoices/Payments from Rancho Santa Fe Fire Protection District to Plaintiff | 2-7, 9 (not previously produced) |
| 232 | Contracts between Plaintiff and North County Fire Protection District | 2-7, 9 (not previously produced) |

07 CV 1733 BEN (RBB)

| | | | |
|---|---|---|---|
| 233 | Invoices/Payments from North County Fire Protection District to Plaintiff | 2-7, 9 (not previously produced) |
| 234 | Email between Plaintiff and Spinks dated January 8/9, 2007 (CSDC 0082) | 1 |
| 235 | Contract between CSDC and Dr. Robert Robinson | 2, 3, 7 (not previously produced) |
| 236 | Invoices from Dentist Robert Robinson in 2006 (CSDC 0407-0425) | Duplicate |
| 237 | Contract between CSDC and Dr. Charlie Johnson | 2, 3, 7 (not previously produced) |
| 238 | Invoices from Doctor Charlie Johnson in 2006 (CSDC 00368-380, 426-449) | Duplicative |
| 239 | Letter from Garske to Spinks dated August 10, 2009 re investigation by the Board of Registered Nursing | 2, 3, 5, 6 |
| 240 | Position Description, Health and Wellness Administrator (CSDC 0013-15) | 3, 6 |
| 241 | Contracts between Plaintiff and third-parties | 2, 3, 6, 7 (not previously produced) |
| 242 | Invoices for work performed by Plaintiff for third-parties | 2-7, 9 (not previously produced) |
| 243 | Withdrawn (duplicate) | Duplicate |
| 244 | Plaintiff's medical records from Civia Gordon | 2, 3, 5-7 & privacy |
| 245 | Plaintiff's medical records from Dr. Richard Friedman | 2, 3, 5-7 & privacy |

## VIII - WITNESS LIST

A list of witnesses expected to be called by Plaintiff and Defendant, except for impeachment and subject to the Court's ruling on the parties' motions in limine – wherein Defendant contends the Court's ruling(s) may significantly reduce the number of witnesses at trial, is as follows:

1. Boyd Barger

2. Dana Basney

3. Ellen Brennen

07 CV 1733 BEN (RBB)

| | | |
|---|---|---|
| 1 | 4. | Alice Cochran |
| 2 | 5. | Kay Coker |
| 3 | 6. | Manuel Colon-Perez |
| 4 | 7. | Jolyn DePriest |
| 5 | 8. | Gine Dobey |
| 6 | 9. | Richard Friedman |
| 7 | 10. | Jai Ghorpade. Ph. D. |
| 8 | 11. | Eugene Harris |
| 9 | 12. | Hans Hartwig |
| 10 | 13. | Charles Hoyt, III |
| 11 | 14. | Darlene Hoyt, Ph.D |
| 12 | 15. | Stacey Hoyt |
| 13 | 16. | Gene Konrad |
| 14 | 17. | James Lackritz, Ph.D. |
| 15 | 18. | John Lawson |
| 16 | 19. | John McCreary |
| 17 | 20. | Donna Mills, M.D. |
| 18 | 21. | Carol Miller |
| 19 | 22. | Errol Myrick |
| 20 | 23. | Janet Negley |
| 21 | 24. | Alan Reynolds |
| 22 | 25. | Regina Rin |
| 23 | 26. | Alan Roberts |
| 24 | 27. | Robert Robinson, DDS |
| 25 | 28. | Claudia Schuster |
| 26 | 29. | Claudia Schwartz |
| 27 | 30. | Patricia Smith |
| 28 | 31. | Monika Spinks |

07 CV 1733 BEN (RBB)

32.     Jeff Stinson

33.     Lisa Talerico, Ph.D. (formerly Kurland)

34.     Jon Woodruff

## IX - ISSUES OF LAW TO BE LITIGATED

The following issues of law, and no others, remain to be litigated upon the trial:

1.      Whether Plaintiff was an employee or an independent contractor;

2.      Whether the terms of Contract related to termination of the Contract are ambiguous;

3.      Whether Plaintiff may maintain a claim for wrongful termination based on a relationship governed by contract.

4.      Whether Plaintiff's alleged conduct is a legally protected activity sufficient to support liability for claim of wrongful termination in violation of public policy.

5.      Whether Plaintiff failed to state a cause of action for some or all of her claims;

6.      Whether Plaintiff failed to exhaust her administrative remedies as required by law and failed to comply with the statutory requirements regarding same;

7.      Whether some or all of Plaintiff's claims are barred by the applicable statutes of limitation, including, but not limited to those provided in California *Government Code section 12940 et seq.*;

8.      Whether at all pertinent times, Defendant exercised reasonable are to prevent and promptly correct any discrimination/harassment, and Plaintiff unreasonably failed either to take advantage of preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.  To the extent Plaintiff alleges she availed herself of Defendant's reporting or complaint procedures, any such report or complaint was promptly and adequately nvestigated and appropriate remedial measures were taken, if applicable;

9.      Whether Plaintiff's complaint and/or causes of action are barred in that Plaintiff may not rely on the terms of an implied contract that contradicts the terms of her written employment contract;

10.     Whether to the extent liability is established, Defendant is entitled to an offset

-19-                                    07 CV 1733 BEN (RBB)

Case 3:07-cv-01733-BEN-RBB   Document 80   Filed 10/00/09   Page 20 of 21

against any award of back pay in an amount equal to any and all interim earnings by Plaintiff from other employment and/or other sources and any and all additional sums that constitute interim earnings that Plaintiff could have earned had she made reasonable efforts to mitigate her damages;

11.     Whether any award of punitive damages as sought by Plaintiff would violate the due process and excessive fine clauses of the *Fifth, Eighth*, and *Fourteenth Amendments* of the *United States Constitution*, as well as *§§ 7* and *17* of *Article 1* of the *Constitution of the State of California*;

12.     Whether any after-acquired evidence of misconduct bars Plaintiff from any remedy or certain remedies;

13.     Whether the injuries or damages alleged by Plaintiff, if any, were the result of preexisting conditions that are unrelated to any conduct of Defendant;

14.     Whether any injuries or damages alleged by Plaintiff, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendant, and any action on the part of Defendant was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims to have suffered; and

15.     Whether any injuries or damages alleged by Plaintiff, if any, were caused, in whole or in part, by the acts or omissions of others, for whose conduct Defendant is not responsible.

## X - SUPPLEMENTAL PLEADINGS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

## XI - JURY TRIAL

Defendant contends that the issue of whether the conduct upon which Plaintiff bases her claim for wrongful termination is tethered to a well-established and fundamental statutory or constitutional provision shall be tried by the judge (*See Carter v. Escondido Union High School*

1  *Dist.,* 148 Cal .App.4th 922, 929 (2007)), and that the remaining issues shall be tried by a jury.

2  Plaintiff rejects and opposes the foregoing contention, and she contends that his case shall be

3  tried by jury.

## XII - BIFURCATION

5      Defendant contends that this case shall be bifurcated as to the issue of punitive damages,

6  i.e. whether Plaintiff has established by clear and convincing evidence that an officer, director or

7  managing agent of Defendant engaged in the alleged wrongful conduct with malice, oppression

8  or fraud.  Defendant also requests the Court bifurcate the issue of whether the conduct that forms

9  the basis for Plaintiff's alleged protected activity invokes a public policy sufficient to support a

10  claim for wrongful termination.

11      Plaintiff agrees that the trial of this case may be bifurcated as to the issue of punitive

12  damages; however, except as so expressly agreed, Plaintiff rejects and opposes the

13  aforementioned contentions and arguments of Defendant as above set forth.

## XIII - TRIAL LENGTH

15      Plaintiff estimates that the time for trial is 10-12 days. Defendant estimates that the time

16  for trial is 5-7 days.

17  Dated:  October 9, 2009

United States District Judge

18

19  APPROVED AS TO FORM AND CONTENT:

H. Paul Kondrick,
A Professional Corporation:

20

21  Dated:  October 8, 2009

By:  /s/ H. Paul Kondrick
H. Paul Kondrick
22  Attorney for Plaintiff,
DARLENE HOYT

23

24  Andrews Lagasse Branch & Bell, LLP:

25

Dated: October 8, 2009

By: /s/ Jonathan D. Andrews
26  Jonathan D. Andrews
Shauna L. Durant
27  Attorneys for Defendant,
CAREER SYSTEMS DEVELOPMENT
28  CORPORATION

-21-