JONATHAN D. ANDREWS (SBN: 199256)
SHAUNA L. DURRANT (SBN: 228489)
ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 345-5080
Facsimile: (858) 345-5025

Attorneys for Defendant
CAREER SYSTEMS DEVELOPMENT CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE HOYT,<br><br>     Plaintiff,<br><br>vs.<br><br>CAREER SYSTEMS DEVELOPMENT CORPORATION,<br><br>     Defendant. | CASE NO.: 07 CV 1733 BEN (RBB)<br><br>**DEFENDANT'S SUPPLEMENTAL MOTION IN *LIMINE* NO. 1 CONCERNING PLAINTIFF'S THIRD CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>Trial: May 11, 2010<br>Time: 9:30 a.m.<br>Judge: Hon. Roger T. Benitez<br>Courtroom: 3 |

### I.    MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Darlene Hoyt ("Plaintiff") has amended her complaint twice. The operative complaint is the Second Amended Complaint ("SAC"), which alleges seven causes of action, including two for wrongful termination in violation of public policy. In each iteration of her complaint, the statute upon which Plaintiff bases her wrongful termination claim is the Fair Employment & Housing Act ("FEHA"): one claim is based on race discrimination under FEHA, and the other is based on retaliation in violation of FEHA. (*See* SAC, ¶¶ 46, 50, 51.)

Earlier, this Court granted partial summary judgment for CSDC, thereby dispensing with four of Plaintiff's causes of action. Accordingly, the only causes of action remaining for trial are: (1) breach of contract (as to the second contract term only); (2) wrongful termination in violation of California Government Code section 12940 (retaliation); and (3) wrongful

-1-

termination in violation of California Government Code section 12940 (discrimination based on race).

CSDC filed a motion *in limine* to exclude any evidence not related to Plaintiff's complaint of the alleged unlicensed practice of psychology by Monika Spinks. However, after further analysis of the pleadings, it is clear that Plaintiff's third cause of action for wrongful termination in violation of public policy is not based on complaints of the alleged unlicensed practice of psychology, but on complaints of violations of FEHA.

Regarding Plaintiff's two wrongful termination claims, California law requires that Plaintiff provide the specific statutes or provisions that she claims provide support for the public policy against the termination. *Green v. Ralee Eng. Co.*, 19 Cal.4th 66, 84 (1998). Vague allegations regarding the specific statute or provision are insufficient. *Turner v. Anheuser-Busch, Inc.* 7 Cal.4th 1238, 1257 (1994). These specific references are necessary to avoid judicial policymaking and to provide sufficient notice to the employer. *Green,* 19 Cal.4th at 76.

In the fourth cause of action of her SAC, Plaintiff claims that CSDC's termination of her contract violated the public policy provisions of California Government Code section 12940, because it was based on her race. (SAC, ¶ 51, *see also* SAC, pg. 10, lines 17-18.) In her third cause of action for violation of public policy, Plaintiff asserts that CSDC wrongfully "terminated" her for "lodging complaints about defendants' [sic] unethical and illegal business practices, and her refusal to participate in those unethical and illegal business practices, *[which] violated the public policy of the State of California embodied in Cal. Gov. Code § 12940."* (SAC, ¶ 46.)

When asked again in discovery to specifically identify the public policy she intended to invoke in support of her wrongful termination claims, Plaintiff responded under oath as follows:

**Form Interrogatory 205.1**

REQUEST

Do you contend that the EMPLOYER took any ADVERSE EMPLOYMENT ACTION against you in violation of public policy? If so:
(a) identify the constitutional provision, statute, regulation, or other source of the public policy that you contend was violated;…

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

RESPONSE

Yes.

(a) It is the substantive law of the state of California that: an employer may not discriminate against an employee on the basis of race. The additional misconduct of Defendants, and each of them, in causing the termination of Plaintiff on the basis of her lodging complaints about defendants' unethical and illegal business practices violated the public policy of the State of California **embodied in Cal.Gov. Code § 12940 and Civil Code Section § 21[SIC]**.[1]

(*See* Ex. 23, Plaintiff's Responses to Form Interrogatories, Employment, No. 205.1.)

The Fair Employment and Housing Act ("FEHA"), through Government Code section 12940, subsection (h), prohibits an employer from discriminating against any person "because the person has opposed any practices forbidden **under this part** or because the person has filed a complaint, testified, or assisted in any proceeding **under this part**." Cal. Govt. Code § 12940(h) (emphasis added). Accordingly, to recover for wrongful termination in violation of Government Code section 12940 for making a complaint, the employee must have complained of practices forbidden under Government Code section 12940, i.e., discrimination based on "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation." Cal. Gov. Code § 12940(a).

California Civil Code section 51 is the Unruh Civil Rights Act, which prohibits a business establishment from discriminating on the basis of race, color, ancestry, national origin, disability, sex and religion in providing goods, services or facilities to clients, patrons or customers. The purpose of the Act is to prevent proprietors of businesses from excluding anyone from frequenting their business because of race, national origin, etc. *Strother v. So. Cal. Permanente Medical Group*, 79 F.3d 859, 873 (9th Cir. 1996).

Notably, nowhere in Government Code section 12940 or Civil Code section 51 does it state that the statutes apply to persons who complain about people performing mental health decisions without a license, or "unethical or illegal business practices."

---

[1] Civil Code section 21 provides no basis for a cause of action whatsoever and merely states: "This Act, whenever cited, enumerated, referred to, or amended, may be designated simply as "THE CIVIL CODE," adding, when necessary, the number of the section." Giving Plaintiff the benefit of the doubt, we will assume that this was a typographical error and that she really meant Civil Code Section 51, the Unruh Civil Rights Act.

DEFENDANT'S SUPPLEMENTAL MOTION IN *LIMINE* NO. 1 RE PLAINTIFF'S   07 CV 1733 BEN (RBB)
THIRD CAUSE OF ACTION FOR WRONGFUL TERMINATION

ANDREWS · LAGASSE · BRANCH & BELL LLP
11232 El Camino Real, Suite 250
San Diego, CA 92130

  It is well-established that if the public policy upon which a wrongful termination claim is based does not prohibit the purportedly wrongful conduct, then a wrongful termination claim may not be maintained. *See Esberg v. Union Oil Co.,* 28 Cal.4th 262, 272-273 (2002) [superseded on other grounds as stated in *Alch v. Superior Court,* 122 Cal.App.4th 339, 396-397 (2004)]. In this case, Plaintiff alleges a claim for wrongful termination in violation of Government Code section 12940. She later modified that claim in her verified discovery responses to include Civil Code section 51. Clearly, evidence relating to Ms. Spinks allegedly performing mental health decisions cannot, as a matter of law, form the basis for Plaintiff's third cause of action for wrongful termination in violation of Government Code section 12940 or Civil Code section 51, as such complaints do not constitute "protected activities" under either statute.

  Accordingly, while Plaintiff may still pursue her claim for wrongful termination in violation of Government Code section 12940 and Civil Code section 51, she cannot do so by relying on complaints that she made of Ms. Spinks performing mental health decisions without a license or of CSDC's purportedly illegal or unethical business practices in connection thereto since neither statute prohibits such conduct. Instead, in order to recover under her claim for wrongful termination in violation of public policy, Plaintiff must rely on policies regulated by FEHA and Unruh, such as Plaintiff's membership in a protected group or Plaintiff's complaints of CSDC's practices forbidden under these sections.

  CSDC anticipates that Plaintiff is going to argue that, although her SAC clearly states that her wrongful termination claim is based on an alleged violation of Government Code section 12940, she essentially amended her SAC in her brief opposing CSDC's motion for summary judgment to allege a wrongful termination in violation of public policy claim based on California Business and Professions Code section 2093, among other statutes and regulations. Any such argument is futile, however, as California courts have uniformly held that a complaint cannot be amended through arguments set forth in an opposition to a motion for summary judgment. *Netbula, LLC v. Bindview Dev. Corp.*, 516 F.Supp.2d 1137, 1153 fn. 9 (N.D. Cal. 2007); *see, Laabs v. City of Victorville*, 163 Cal.App.4th 1242, 1253 (2008). "If the opposing party's evidence would show some factual assertion…not yet pleaded, that party should seek leave to

-4-

DEFENDANT'S SUPPLEMENTAL MOTION IN *LIMINE* NO. 1 RE PLAINTIFF'S THIRD CAUSE OF ACTION FOR WRONGFUL TERMINATION   07 CV 1733 BEN (RBB)

amend the pleadings before the hearing on the summary judgment motion." *See Laabs*, at 1253. The reasoning for such a rule is clear: "[t]he complaint in a civil action serves ... to frame and limit the issues ... and to apprise the defendant of the basis upon which the plaintiff is seeking recovery...." *Id.* at fn. 5 citing *Committee on Childrens Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 211-212. The rationale for precluding amendments through a summary judgment opposition is clear – a plaintiff cannot assert one statutory basis for her claim throughout litigation and discovery, and then on the eve of discovery cut-off, change the statutory basis for her claim. Plaintiff had a duty to identify the statutory basis upon which she relies for her claim of wrongful termination. Plaintiff did just that, identifying FEHA and the Unruh Act. Those are the only statutes identified. If Plaintiff had an additional statutory basis for her wrongful termination claim, she was required to file a motion for leave to amend her complaint. Plaintiff did not do so, and is now limited to FEHA and the Unruh Act as the statutory basis for her wrongful termination claims.

Because Plaintiff bases her third cause of action for wrongful termination in violation of public policy specifically on FEHA and the Unruh Act, the Court should preclude Plaintiff from introducing any evidence related to Ms. Spinks' alleged performance of mental health decisions since complaints about such conduct are not protected under either FEHA or the Unruh Act, and therefore, is clearly irrelevant.

## II. CONCLUSION

For the foregoing reasons, CSDC respectfully requests that this Court grant this supplement to its Motion in *Limine* No. 1, and exclude all evidence of Plaintiff's complaints that Ms. Spinks was performing mental health decisions without a license.

Dated: May 4, 2010

ANDREWS · LAGASSE · BRANCH & BELL LLP

By: */s/ Jonathan D. Andrews*
Jonathan D. Andrews
Shauna L. Durrant
Attorneys For Defendant
CAREER SYSTEMS DEVELOPMENT
CORPORATION