FILED
2010 MAY -3 PM 3:24
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE HOYT,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>CAREER SYSTEMS DEVELOPMENT CORPORATION,<br><br>　　　　　　　　　　Defendant. | CASE NO. 07cv1733 BEN (RBB)<br><br>**ORDER ON DEFENDANT'S MOTIONS IN LIMINE**<br><br>[Dkt. Nos. 90-98] |

Presently before the Court are nine motions in limine filed by Defendant Career Systems Development Corporation. Dkt. Nos. 90-98. The Court rules as follows:

**1.　Exclude Evidence Not Related to Monika Spinks Practicing Psychology Without a License**

Defendant moves to exclude any evidence in support of Plaintiff's cause of action for wrongful termination in violation of public policy that is not related to Plaintiff's complaint that Monika Spinks was engaging in the unlicensed practice of psychology. In ruling on Defendant's motion for summary judgment, the Court found that this cause of action could proceed based on Plaintiff's report to the Department of Labor that Monika Spinks was engaging in the unlicensed practice of psychology (a violation of California Business and Professions Code § 2903). Plaintiff's wrongful termination in violation of public policy cause of action was only allowed to proceed on that basis. *See* Order Granting in Part and Denying in Part Def's Mot. for Summ. J. 8 n.4.

Accordingly, Defendant's motion is granted. Plaintiff shall only present evidence of wrongful termination in violation of public policy based on Plaintiff's claim that she was terminated for reporting the unlicensed practice of psychology. However, this does not preclude Plaintiff from presenting evidence related to Monika Spinks as it may be relevant to other causes of action.

**2.  Exclude Evidence Regarding Discovery Disputes and Discovery-Related Issues**

Defendant moves to exclude evidence regarding discovery disputes and discovery-related issues. Plaintiff argues that she has no intention of referring to "discovery disputes," but argues that Defendant's very general request to exclude discovery-related issues is really an attempt to prevent Plaintiff from presenting evidence that Defendant might have failed to produce potentially unfavorable evidence that was readily available.[1] Plaintiff goes on to note her intention to request an adverse inference jury instruction at trial for Defendant's failure to produce evidence that Plaintiff claims is available, if the authenticity of the subject documents becomes an issue and Defendant fails to produce that evidence at trial.

The Court will grant Defendant's motion to exclude evidence of actual disputes between the parties concerning discovery under Rule 401 and 403. The Court will reserve any decision on Plaintiff's intention to present evidence that Defendant did not conduct an electronic search of metadata on computers if the authenticity of documents arises and any resulting need for an adverse inference jury instruction. But, the Court cautions Plaintiff that the Court is unlikely to allow Plaintiff to present what appears to be a simple discovery dispute to a jury.

**3.  Exclude Evidence of Damages Beyond the Second Extension Term of Plaintiff's Contract**

Defendant moves to exclude any evidence of damages beyond the second extension term of Plaintiff's contract because the Court limited Plaintiff's breach of contract cause of action to the second extension year. However, Plaintiff's causes of action for wrongful termination in violation of public policy and wrongful termination based on race discrimination are not limited to contract damages. *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 170 (1980) ("when an employer's

---

[1] Plaintiff suggests that Defendant failed to inspect the computers of relevant employees for metadata or other computer generated information that might reflect when certain letters were created. Plaintiff asserts this information might become relevant if there are questions as to the authenticity of the letters.

1  discharge of an employee violates fundamental principles of public policy, the discharged employee
2  may maintain a tort action and recover damages traditionally available in such actions"); *Aguilar v.*
3  *Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 132 (1999) (in a civil action under the FEHA, all relief
4  generally available in noncontractual actions may be obtained."). Accordingly, Defendant's motion
5  to exclude evidence of damages beyond the second contract year is denied without prejudice.

6  **4.  Exclude Evidence that Other Employees Were Discriminated Against or Otherwise Treated Similarly to Plaintiff**

8  Defendant moved to exclude evidence that other employees of Defendant were also
9  discriminated against because the evidence would be irrelevant and result in unfair prejudice to
10 Defendant. Plaintiff argues in opposition that she must be allowed to present evidence of the
11 circumstances in the work place from which the jury could conclude that she was treated less favorably
12 because of her race.

13 Plaintiff accurately notes that her burden is met, in part, by showing there were circumstances
14 in the workplace suggesting the employer acted with discriminatory motive. *Jones v. Dept of*
15 *Corrs.*,152 Cal. App. 4th 1367, 1379 (2007). However, allowing testimony of non-party employees
16 concerning adverse employment actions they were subjected to during a different time period would
17 be irrelevant under Rule 401 and unfairly prejudicial under Rule 403. *Schrand v. Fed. Pac. Elec. Co.*,
18 851 F.2d 152, 156 (6th Cir. 1988). Additionally, allowing mini-trials of other employee's claims of
19 discrimination unrelated to Plaintiff's causes of action would be unfairly prejudicial to Defendant and
20 cause significant undue delay.

21 The Court will exclude testimony by other employees concerning conduct they were subjected
22 to or witnessed that occurred before the time-frame in which Plaintiff's claims arose and testimony
23 by other employees should be limited to the witnesses personal observations of Defendant's conduct
24 in the workplace that may circumstantially establish Defendant's discriminatory motive.

25 **5.  Exclude Statistical Evidence Compiled by Plaintiff Regarding Other CSDC Employee's Races**

27 Defendant moves to "exclude statistical evidence compiled by Plaintiff regarding other CSDC
28 employees' races" because such evidence lacks foundation and is speculative under Rule 701-703 and

irrelevant under Rule 402. Defendant specifically identifies two documents created by Plaintiff. Plaintiff argues in opposition, that she does not intend to offer the documents into evidence, but rather, would only use the documents as tools, if necessary, to refresh her recollection of her work environment. Plaintiff, however, argues that Defendant's motion seeks to exclude any kind of statistics from being presented. The Court does not agree.

Defendant has only moved to exclude statistics compiled by Plaintiff regarding the races of other CSDC employees and has only identified two documents for exclusion. Plaintiff has indicated she will not offer those two documents. Accordingly, Defendant's motion is granted. The two documents identified, titled "Preference for African-American Hires" and "San Diego Job Corps Key Positions," will be excluded.

**6.   Exclude Evidence of CSDC's Affirmative Action Plan**

Defendant moves to exclude evidence of Defendant's written affirmative action plans as irrelevant and unduly prejudicial. Plaintiff counters that the plans are business records and she only seeks to question Defendant's person most knowledgeable, H. Stinson, about statistics contained within the plans and could do so without identifying the documents as affirmative action plans.

The Court will allow Plaintiff to question H. Stinson about the statistical information contained within the reports, but Plaintiff is precluded from referring to the reports as affirmative action plans or suggesting to the jury that the plans were the reason Defendant made a hiring or termination decision.

**7.   Exclude Expert Testimony as to Legal Conclusions and Ultimate Legal Issues**

Defendant's motion specifically moves to exclude Plaintiff's expert from opining as to whether Plaintiff was an independent contractor or an employee. Defendant argues that Plaintiff's expert should not usurp the fact-finding role of the jury by telling the jury the conclusion it should reach. Plaintiff argues in opposition that her economic expert, Gene Konrad, a certified public accountant familiar with personnel and payroll matters, should be able to offer an expert opinion as to whether Plaintiff was an employee or an independent contractor.

//

//

1   "As a general rule, 'testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.'" *Nationwide Transport Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting FED. R. EVID. 704(a). "That said, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Id.*; *see also* FED. R. EVID. 702 (requiring that expert opinion evidence "assist the trier of fact to understand the evidence or to determine a fact in issue"). Additionally, if the issue of fact concerns matters of common knowledge and experience, expert opinion testimony may be excluded by the Court. *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 398 (9th Cir. 1982). And, as noted by the Court in the order on summary judgment, the "most important consideration" in determining whether an individual is an employee or an independent contract is the control test, which considers "whether the person to whom the service is rendered has the right to control the manner and means of accomplishing the result desired." *S.G. Borello & Sons, Inc. v. Dept of Indus. Relations*, 48 Cal 3d 341, 350 (1989).

The Court grants Defendant's motion to exclude Plaintiff's expert from opining as to whether Plaintiff was an independent contractor or an employee because the testimony would constitute a legal conclusion and invade the jury's fact-finding role and the Court's role in instructing the jury on the applicable law. Additionally, the Court finds that the most important factor, the degree of control Defendant exercised over Plaintiff, falls within the common knowledge and experience of the jury and that expert testimony on the subject is excluded.

**8.   Exclude the Testimony of Janet Negley and Evidence that Janet Negley was Improperly Considered an Independent Contractor**

Defendant moves to exclude the testimony of Janet Negley and evidence that Dr. Negley was improperly classified as an independent contractor because the evidence is irrelevant, would result in unfair prejudice, and is inadmissible character evidence. Plaintiff argues in opposition that Ms. Negley's testimony will demonstrate Defendant's practice of categorizing personnel as independent contractors rather than employees to avoid responsibilities to its employees, like Plaintiff and that the evidence is admissible evidence of the habit or routine of the organization.

Dr. Negley held the same position in the San Jose Job Corp. Center that Plaintiff held in the San Diego Job Corp. Center. Plaintiff believes that Defendant improperly categorized Dr. Negley as an independent contractor rather than an employee and her position was eventually changed to that of an employee.

The Court acknowledges that this evidence might be relevant and have some probative value to demonstrate that Defendant's were in the habit of improperly categorizing the position Plaintiff held in the San Diego office as an independent contractor rather than an employee. *Truesdale v. Workers' Comp. Appeals Bd.*, 190 Cal. App. 3d 608, 613 n.1 (4th Dist. 1987). But, as previously discussed, the primary inquiry in determining if Plaintiff was an independent contractor or an employee is the degree of control the Defendant exercised over her work; any improper categorization of Dr. Negley is not probative on this critical inquiry. Additionally, any limited probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Presentation of evidence that Defendant improperly categorized Dr. Negley may confuse the jury into believing that Plaintiff must have also been improperly classified, rather than conducting the proper individual inquiry with regard to Plaintiff.

Accordingly, Defendants motion to exclude the testimony of Dr. Negley concerning her status as an independent contractor or employee and evidence she was improperly categorized as an independent contractor is granted.

### 9. Exclude Evidence Related to Causes of Action that Have Been Dismissed or are Not in Dispute

Defendant moves for an order excluding evidence related to causes of action that have been dismissed or are not in dispute. The only specific cause of action Defendant identifies as potentially being improperly raised is a cause of action for harassment. Plaintiff argues in opposition that Plaintiff's Second Amended Complaint includes a cause of action for harassment and she may present evidence of harassment. Plaintiff cites to California Government Code § 12940(j)(1) which prohibits harassment of a person providing services pursuant to a contract based on race, but a cause of action on that basis is absent from the SAC. The SAC's general reference to § 12940 and "other California laws" does not create a cause of action for harassment when it is under the heading of wrongful

termination, particularly in light of the Court's prior ruling on Defendant's motion for summary judgment.

Only three causes of action survived summary judgment: "breach of contract as to the second extension year, wrongful termination in violation of public policy, and wrongful termination based on race discrimination." Order Granting in Part and Denying in Part Mot. for Summ. J 13. Summary judgment was granted on the other four causes of action for breach of the implied covenant of good faith and fair dealing, negligence, intentional infliction of emotional distress, violation of the Unruh Civil Rights Act in their entirety and as to the third extension year on the breach of contract cause of action.[2] *Id.* Additionally, the record of the case filed upon removal from state court reflects that Plaintiff's cause of action in the First Amended Complaint for harassment was dismissed by the state court and that cause of action was absent from the Second Amended Complaint. Notice of Removal, Part 1 at 70-71; SAC.

To the extent Defendant seeks to limit Plaintiff's presentation of evidence to the causes of action that survived summary judgment, the motion is granted. However, while Plaintiff has no cause of action for harassment, she is not precluded from presenting evidence of harassing conduct by Defendant if the evidence is relevant to prove discriminatory motive or that the Defendant's reason for termination was pretextual.

**IT IS SO ORDERED.**

DATED: May 3, 2010

Hon. Roger T. Benitez
United States District Court Judge

---

[2] As noted in the Court's order on Defendant's motion for summary judgment, Plaintiff's SAC also lacked any cause of action based on age discrimination, precluding Plaintiff from pursuing a cause of action on that basis. Order Granting in Part and Denying in Part Mot. for Summ. J. 10.

07cv1733