FILED
2010 MAY -3 PM 3: 23
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DARLENE HOYT, | CASE NO. 07cv1733 BEN (RBB) |
|---|---|
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTIONS IN LIMINE** |
| vs. | |
| CAREER SYSTEMS DEVELOPMENT CORPORATION, | [Dkt. Nos. 100-03] |
| Defendant. | |

Presently before the Court are four motions in limine filed by Plaintiff Darlene Hoyt. Dkt. Nos. 100-03. Each of Plaintiff's motions requests that the Defendant be ordered to refrain from raising the subject of the motion without first obtaining a ruling from the Court outside the presence of the jury. The Court rules as follows:

**1.  Exclude References to Plaintiff's Marital Status or Her Husband's Medical Condition**

Plaintiff specifically moves to exclude reference to Plaintiff's divorce from and remarriage to her husband and any mention of her husband's medical condition as irrelevant. Defendant argues that because Plaintiff is asserting an emotional distress claim, Defendant is entitled to explore other causes of her emotional distress, including the distress caused by her husband's poor health.

//
//

Plaintiff's motion to exclude references to Plaintiff's divorce from and remarriage to her husband will be granted absent a showing of relevancy of that specific information at trial. However, Defendant may identify Plaintiff's husband as her husband as necessary for identification absent some showing of prejudice to Plaintiff. Plaintiff's motion to exclude any references to Plaintiff's husband's medical condition is denied without prejudice to the extent Plaintiff pursues a claim for emotional distress, Defendant lays a proper foundation for its relevancy at trial, and presentation of such evidence does not waste time.

2. **Preclude Defendant from Stating or Suggesting the U.S. Department of Labor Authorized Changing the Center Mental Health Consultant Position from an Independent Contractor to an Employment Position through Hearsay Testimony or Evidence**

Plaintiff moves to preclude Defendant from presenting evidence that the Department of Labor authorized changing the center mental health consultant position from an independent contractor to an employee position through *hearsay* testimony. Defendant responds that it has no intention of introducing evidence that the Department of Labor authorized the change through hearsay evidence, but rather, intends to offer evidence of the change through non-hearsay evidence. As the parties agree that Defendant should refrain from presenting hearsay evidence of the change the Court grants the motion.

3. **Exclude Evidence of Plaintiff's Alleged Failure to Mitigate Her Damages**

Plaintiff moves to preclude Defendant from offering any evidence of Plaintiff's failure to mitigate her damages, one of Defendant's affirmative defenses. Plaintiff argues only that Defendant is precluded from presenting such a defense because Defendant has not designated a vocational expert witness. Defendant accurately points out that Plaintiff cites no authority for such a requirement. Accordingly, the motion will be denied without prejudice.

4. **Preclude Defendant's Experts or Lay Witnesses from Opining as to Plaintiff's Truthfulness or Believability**

Plaintiff moves to preclude Defendant's expert or lay witnesses from opining as to Plaintiff's truthfulness or believability without first showing the witness to be a person who "enjoy[s] a close, personal relationship with Plaintiff" or, in the case of experts, meets the requirements of *Daubert*.

1  Defendant does not intend to offer expert testimony on this issue and therefore does not oppose that
2  portion of Plaintiff's motion. Accordingly, that portion of Plaintiff's motion will be granted.

3        Federal Rule of Evidence 701 controls admissibility of lay witness opinion testimony
4  concerning a witness' truthfulness or untruthfulness under Federal Rule of Evidence 608(a). *United*
5  *States v. Turning Bear*, 357 F.3d 730, 734 (8th Cir. 2004); *United States v. Dotson*, 799 F.2d 189,
6  192-93 (5th Cir. 1986); *Schultz v. Thomas*, 832 F.2d 108, 111 (7th Cir. 1987). Rule 701 allows only
7  those opinions that are "rationally based on the perception of the witness." An opinion is rationally
8  based on the perception of the witness if it is based on the witness' personal knowledge and sufficient
9  perceptions connected to the subject witness' character for truthfulness or untruthfulness. *Dotson*, 799
10 F.2d at 194 (error to admit government agent's opinion testimony obtained only through investigation
11 of defendant); *Wilson v. City of Chicago*, 6 F.3d 1233, 1239 (7th Cir. 1993) (error to exclude testimony
12 of witness who "spent fair amount of time" with subject witness); *Turning Bear*, 357 F.3d at 734 (8th
13 Cir. 2004) (error to exclude testimony of witness who had daily contact with subject witness over four
14 to six months); *United States v. Watson*, 669 F.2d 1374, 1382 (11th Cir. 1982) (finding long
15 acquaintance was not required to lay proper foundation). Any such testimony would be subject to
16 cross-examination concerning the witness' lack of familiarity. *United States v. Tedder*, 403 F.3d 836,
17 839 (7th Cir. 2005); *Watson*, 669 F.2d at 1382.

18       Accordingly, Plaintiff's motion to exclude testimony as to Plaintiff's character for
19 untruthfulness without first showing the witness "enjoy[s] a close personal relationship with Plaintiff"
20 is denied without prejudice. While this may constitute a sufficient foundation, the standard is not that
21 high. The testimony need only be based on the witness' personal knowledge and sufficient perceptions
22 connected to the witness' character for truthfulness or untruthfulness.

24 **IT IS SO ORDERED.**

26 DATED: May 3, 2010

Hon. Roger T. Benitez
United States District Court Judge