H. Paul Kondrick, Esq. (State Bar No. 88566)
H. Paul Kondrick, a Professional Corporation
3130 Fourth Avenue
San Diego, CA 92103-5803
Telephone: (619) 291-2400
Facsimile: (619) 291-7123

Attorney for Plaintiff, DARLENE HOYT

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE HOYT, <br><br>　　　　Plaintiff, <br><br>v. <br><br>CAREER SYSTEMS DEVELOPMENT, <br><br>　　　　Defendants. | Case No. 07 CV 1733 BEN (RBB) <br><br>**PLAINTIFF'S REPLY TO DEFENDANT, CAREER SYSTEMS DEVELOPMENT CORPORATION'S,** *EX PARTE* **APPLICATION FOR AN ORDER FURTHER CONTINUING TRIAL TO A DATE ON OR AFTER NOVEMBER 9, 2010** <br><br>Date:　　None Set <br>Time:　　None Set <br>Judge:　　Hon. Roger T. Benitez |

　　　　Plaintiff, DARLENE HOYT ["HOYT" or "Dr. HOYT"], submits the following reply and response to defendant, CAREER SYSTEMS DEVELOPMENT CORPORATION's ["CSDC"], yet another *ex parte* application, in this instance requesting that the Court further continue the trial to "November 9, 2010, or as soon thereafter as is convenient with the Court," mere months after defendant, CSDC, previously requested a 3-month continuance, as follows:

　　　　1.　　Based on the purported availability of all parities, by *ex parte* application, defendant, CSDC, now requests that the Court further continue the trial to "November 9, 2010, or as soon thereafter as is convenient with the Court." [ Defendant, Career Systems Development Corporation's, Ex Parte Application for an Order Continuing the Trial Date, p. 2, ll. 11-13];

　　　　2.　　Plaintiff, Dr. HOYT, has not refused to continue the trial date, nor is she

unwilling to cooperate with opposing counsel in view of the recent trial scheduling issue which confronted the above-entitled Court; however, she construes defendant's present suggestion, and insistence in defendant's communications with her trial, to further delay this case another 6-months, following defense counsel's earlier (February) 3-month trial continuance, as patently unreasonable;

3. More than three (3) years ago, on March 5, 2007, plaintiff, Dr. HOYT, commenced her civil action against defendant, Career Systems Development Corporation ["CSDC"];

4. On October 17, 2009, this Court set the trial date for February 23, 2010. The Court further directed the parties to file their motions *in limine*, and other pre-trial motions 30-days before the Court heard argument on those motions on or February 9, 2010, e.g., **on or before January 11, 2010;**

5. In early-February 2010, defendant's trial counsel, Jonathan Andrews, requested a short continuance of trial to May 11, 2010 for personal or family reasons. At the time because plaintiff, Dr. HOYT, "respect[ed] and appreciate[d] opposing counsel special needs, and concur[red] and agree[d] a reasonable continuance of the trial date herein [was] appropriate under the circumstances," she did not object to a "**short, continuation of the trial date in this matter.**" Accordingly, on February 12, 2010, the parties entered into, and presented this Court with, a joint stipulation or motion continuing the trial date to **May 11, 2010**;

6. **Since agreeing to a reasonable continuance of the original trial date, plaintiff, Dr. HOYT, has now been forced to meet and oppose ongoing, multiple *ex parte* or other pre-trial motions filed by defendant, CSDC, <u>after</u> the Court-ordered deadline for such filings, namely January 11, 2010.** For instance, on April 26, 2010, defendant CSDC, filed an *ex parte* application to disqualify plaintiff, Dr. HOYT's, present trial counsel, H. Paul Kondrick. Thereafter, on May 3, 2010, defendant, CSDC, filed yet another *ex parte* application for an order bifurcating and first trying the issue of plaintiff's status as an employee or independent contractor. On that same date, the Court issued its Order on Defendant's Motions *In Limine*, addressing the nine (9) motions *in limine* filed by defendant, CSDC. The very next day, on May

4, 2010, defendant, CSDC, file and served a purported "supplemental motion *in limine* no. 1," even though the Court had already ruled on the motion. Defendants' actions caused plaintiff, Dr. HOYT, to file oppositions to the foregoing *ex parte* or "supplemental" motions, causing her to incur additional attorneys' fees;

7. Plaintiff concurs with defendant, CSDC's, that on May 4, 2010, the Court vacated the May 11th trial date. At that time, in vacating the then trial date, the above-entitled Court indicated that the trial in this action would likely be put reset for as late as "July or August" 2010. The Court indeed later set, *sua sponte*, the trial date as July 27, 2010;

8. While plaintiff, Dr. HOYT, is amenable to **reasonable continuance** of the trial, taking into consideration the justified availability of counsel, the parties and key witnesses, by further delaying trial until the end of 2010, as defendant, CSDC, now proposes, it will be almost **four (4) years** from the time that plaintiff commenced this lawsuit until trial. The continued delays make it more difficult to coordinate witnesses, in particular because of their unavailability, changing employments and relocating, including outside this jurisdiction, and clearly increases litigation costs. For instance, as the trial has been delayed, defendant, CSDC, continues to file more pre-trial motions through the present;

9. **Except for the period July 7-13, 2010, plaintiff, her counsel and key witnesses are available for trial during July and August 2010.** In addition, they are available during the period **September 28 through October 15**. [Note: The Labor Day holiday interrupts the early-September period of availability.];

10. Plaintiff's trial counsel is presently scheduled to commence 5-day jury trial in San Diego Superior Court on November 5, 2010, with a second, 6-day jury trial, also in the San Diego Superior Court, scheduled to commence on November 12, 2010. He is a sole practitioner; however, he has demonstrated a willingness to re-arrange his trial schedule in particular in view of the length of time that the present action has been pending before the courts, state and federal;

11. In the defense firm, namely Andrews, Lagasse, Branch and Bell, LLP, there are presently ten (10) experienced attorneys associated with that law firm specializing in employment litigation. Moreover, throughout litigation of the above-entitled action, defendant,

1  CSDC, has had two (2) attorneys representing it, namely Jonathan Andrews and Shauna Durrant.
2  Both their names appear as defense counsel of record for defendant, CSDC.  To date, defense
3  counsel has failed to discuss the availabilities of <u>either</u> or both attorneys Jonathan Andrews
4  and/or Shauna Durrant to try this case **at an earlier date than November 9, 2010**.  Moreover,
5  there has been no discussion as to the ability or availability of other attorneys within the
6  Andrews, Lagasse, Branch and Bell, LLP law firm to try the case for defendant, CSDC.  In
7  addition, defense counsel has not meaningfully explained a viable reason either or both their
8  attorneys of record in this action (namely Attorneys Andrews and/or Durrant) is or are unable to
9  continue either the July 26th arbitration (note only Attorney Andrews is named as appearing at
10 that arbitration) or August trial in the Eastern District (referred to in ¶¶6 and 7 to Attorney
11 Durrant's May 27, 2010 declaration);

12       12.     An overriding present concern to plaintiff, Dr. HOYT, is defendant's pending
13 motion to disqualify her present attorney, H. Paul Kondrick, from representing her.  In relation to
14 that motion, to which plaintiff takes strong exception and opposition, until there is a ruling on
15 that motion, she is presented with a Hobson's choice to either agree to a further, lengthy
16 continuance of the trial in this matter, with the potential of having to retain new counsel, which
17 would necessitate yet further delays or continuance or having current lawyer continue to incur
18 considerable attorneys' fees and costs, including the submission of responses and oppositions to
19 the various, ongoing pre-trial motions filed, or that may be further filed, by defendant, CSDC,
20 with the reasoned expectation of defendant's motion to disqualify will be denied; and

21       13.     **In relation to continuance of the trial in this matter, plaintiff, Dr. HOYT,**
22 **contends that this matter should be tried during the period July 13 through August 27,**
23 **2010.  Moreover, she contends that a further 6-month continuance, that is from May 11th**
24 **until mid-November 2010 is not justified given the period of time that this matter has been**
25 **pending.**

## **CONCLUSION**

27 Based upon the foregoing, in relation to continuance of the trial in this matter, plaintiff,
28 Dr. HOYT, contends that this matter should be tried during the period July 13 through August

1  27, 2010.   Moreover, she contends that a further 6-month continuance, that is from May 11th
2  until mid-November 2010 is not justified given the period of time that this matter has been
3  pending, especially after defendant, CSDC, just requested a 3-month continuance in February of
4  this year.  Finally, plaintiff, Dr. HOYT, requests that the Court expedite its ruling on defendant,
5  CSDC's, *ex parte* motion to disqualify her trial attorney, H. Paul Kondrick.  In particular, it is
6  futile to address scheduling issues until that motion is concluded.

                                                 Respectfully submitted,

                                                 H. Paul Kondrick,
                                                 A Professional Corporation:

Dated:  June 3, 2010                           By:  /s/ H. Paul Kondrick
                                                  H. Paul Kondrick
                                                  Attorney for Plaintiff,
                                                  DARLENE HOYT