# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE HOYT,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>CAREER SYSTEMS DEVELOPMENT CORPORATION,<br><br>　　　　　　　Defendant. | CASE NO. 07cv1733 BEN (RBB)<br><br>**ORDER DENYING MOTION FOR NEW TRIAL**<br><br>[Dkt. No. 176] |

　　　　Plaintiff's motion for a new trial is before the Court. Dkt. No. 176. A jury found that Plaintiff did not establish that she was an employee of Defendant CSDC — precluding her claims for wrongful termination — and that Plaintiff did not establish that Defendant terminated her contract in a manner that violated the terms of her contract. Plaintiff challenges the jury instruction given on determining if an individual is an employee or an independent contractor and the admission of certain evidence concerning her income, claims that the jury's verdict was against the weight of the evidence, and argues that Plaintiff did not have to be an employee to pursue her race discrimination claim. *Id.* Defendant filed an Opposition. Dkt. No. 179. Plaintiff filed no Reply. For the reasons discussed below, Plaintiff's motion for a new trial is **DENIED**.

///

///

## BACKGROUND

This case was tried before a jury over the course of seven days. Plaintiff pursued claims for breach of contract, wrongful termination based on race discrimination, and wrongful termination in violation of public policy. Plaintiff claimed that Defendant breached her contract by terminating her on 60-days notice, but within an extension-year term of the contract and that she was terminated based on her race and because she complained about the unlawful practice of psychology by an employee of Defendant.

## DISCUSSION

### I. Jury Instruction

Plaintiff challenges the jury instruction outlining the criteria the jury must consider in determining if Plaintiff was an employee or an independent contractor. Plaintiff claims that the Court should have given Judicial Council of California Civil Jury Instruction (CACI) 3704, which Plaintiff proposed. "Erroneous jury instructions . . . may be grounds for a new trial. *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990).

The Court properly instructed Plaintiff on the criteria to consider in determining if an individual is an employee or an independent contractor. The instruction Plaintiff requested, CACI 3704, has been rejected by the California Court of Appeals, because it failed to "correctly instruct the jury that it must weigh all of these factors to determine whether [an individual] was an employee or an independent contractor." *Bowman v. Wyatt*, 186 Cal. App. 4th 286, 303 (2nd Dist. 2010). The *Bowman* Court emphasized that the appropriate multi-factor test "considers not only the right of control, but also secondary factors such as whether the worker is engaged in a distinct occupation or business, the skill required in the particular occupation, whether the employer or the worker supplies the tools and the place of work, the length of time for which the services are to be performed, whether the worker is paid by time or by the job, whether the work is part of the regular business of the employer, and the kind of relationship the parties believe they are creating." *Id.*; *see also Narayan v. EGL, Inc.*, 616 F.3d 895, 900-01 (9th Cir. 2010) (outlining similar factors).

///

///

This Court properly rejected Plaintiff's proposed instruction that would have allowed the jury to determine if Plaintiff was an independent contractor based solely on the right of control and accurately instructed the jury to consider the multi-factor test. *Narayan*, 616 F.3d at 901 (finding that "no one factor is decisive").

## II. Weight of the Evidence Concerning Plaintiff's Status

The Court may grant a new trial if the verdict is against the clear weight of the evidence. *Landes Const. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987). The Court "can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Id.*

Plaintiff argues that Defendant's admissions that it "awarded plaintiff a one-year extension to her *employment contract*" with Defendant and that a number of things happened "during plaintiff's *employment* with" Defendant establish Plaintiff was an employee of Defendant. First, these admissions do not establish that Defendant believed Plaintiff was an employee rather than an independent contractor because the statements do not address that particular point. Second, even if these statements did establish that Defendant believed Plaintiff was an employee, the evidence would only go to one of the numerous factors outlined above — the kind of relationship the parties believe they are creating. Third, as Defendant accurately notes, Plaintiff similarly referred to herself as a contractor, rather than an employee, through documents and in her trial testimony, providing similar contradictory evidence on this single factor of the multi-factor test.

Defendant produced significant evidence from which the jury could find that Plaintiff was not an employee. Specifically, as to the control factor upon which Plaintiff places great weight, Defendant produced evidence that Plaintiff set her own schedule, had other contractors work some of her contracted hours, and that she could contract with others for services under her contract without approval from Defendant.

The jury's determination that Plaintiff did not establish she was an employee of Defendant was not against the clear weight of the evidence.

///

///

### III. Plaintiff's Race Discrimination Claim

Plaintiff claims that she was entitled to pursue a race discrimination claim under California's Fair Employment and Housing Act (FEHA) even though the jury found that she was an independent contractor. The jury found that Plaintiff failed to establish that she was an employee. Because the jury reached this conclusion, it did not consider Plaintiff's race discrimination claim.

"In order to recover under the discrimination in employment provisions of the FEHA, the aggrieved plaintiff must be an employee." *Vernon v. State,* 116 Cal. App. 4th 114, 124 (1st Dist. 2004) (quoting *Shephard v. Loyola Marymount Univ.*, 102 Cal. App. 4th 837, 842 (2nd Dist. 2002)); *see also Mendoza v. Town of Ross*, 128 Cal. App. 4th 625, 631 (1st Dist. 2005) (protections from employment discrimination under FEHA only apply if individual is an "employee"). The Ninth Circuit's ruling in *Walker v. City of Lakewood*, 272 F.3d 1114, 1125 (9th Cir. 2001), is not to the contrary. In *Walker*, the court found that FEHA applied to independent contractors in the housing context, but recognized that determining if the FEHA applied to **employment** discrimination claims would require a different analysis. *Id.* (emphasis in original).

### IV. Defendant's Misconduct

Plaintiff claims Defendant's repeated reference to Plaintiff's income was misconduct that prejudiced the jury against Plaintiff. A new trial is warranted if Defendant's "counsel's misconduct so permeated the trial as to lead to the conclusion the jury was necessarily influenced by passion and prejudice in reaching its verdict." *Cooper v. Firestone Tire and Rubber Co.*, 945 F.2d 1103, 1107 (9th Cir. 1991) (quoting *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1984)); *see also Standard Oil of Cal. v. Perkins*, 347 F.2d 379, 388 (9th Cir. 1965). The Court must first determine whether the references to Plaintiff's income were improper and then determine "whether the instances of misconduct so permeated the trial that the jury was necessarily prejudiced." *Kehr*, 736 F.2d at 1286 (acknowledging misconduct before analyzing the impact on the trial).

The Court's admission of evidence of Plaintiff's income and how much of her earnings were from Defendant and other sources was proper. Plaintiff's income was relevant to determining if Plaintiff was an employee or an independent contractor and to determining the amount of damages Plaintiff would be entitled to. The Court did not admit Plaintiff's actual tax returns into evidence.

1  Even if the Court erred in admitting Plaintiff's income information, the error did not "so permeate the
2  trial that the jury was necessarily prejudiced." *Id.* As Defendant points out in opposition, Plaintiff
3  identifies only three references to Plaintiff's income on the second day of trial in a trial that lasted
4  seven days.   The evidence was properly admitted and was no improper prejudice resulted.

## CONCLUSION

Plaintiff's motion for a new trial is **DENIED**.

**IT IS SO ORDERED.**

DATED:  March 22, 2011

Hon. Roger T. Benitez
United States District Judge